Filed 2/26/14  P. v. Sterling CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B249431 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA085335) |
| v. | |
| QUINN D. STERLING, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Scott T. Millington, Judge.  Affirmed.

_____

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

As relevant, an information, filed on October 11, 2012, charged Quinn D. Sterling with the attempt to burn property (Pen. Code, § 455, subd. (a)[1]) and the arson of property (§ 451, subd. (d)). The information specially alleged that Sterling had a prior serious or violent felony conviction for criminal threats (§ 422) that qualified as a strike under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that as a serious felony subjected him to a five-year enhancement under section 667, subdivision (a). The information also specially alleged that Sterling had served six prior prison terms within the meaning of section 667.5, subdivision (b).

After trial, the jury found Sterling guilty of arson of property. It was unable to reach a verdict on the charge of attempt to burn property, and the trial court declared a mistrial as to, and then later dismissed, that count. Based on Sterling's admissions that his prior criminal threats conviction qualified as a strike under the Three Strikes law and subjected him to the section 667, subdivision (a)(1), enhancement and that he had served five prior prison terms pursuant to section 667.5, subdivision (b), the court found those special allegations true. The court sentenced Sterling to a state prison term of 7 years 8 months, consisting of the low term of 16 months for the arson of property, doubled pursuant to the Three Strikes law, plus five years for the section 667, subdivision (a), enhancement. The court struck the five prior-prison-term enhancements under section 667.5, subdivision (b).

## DISCUSSION

1.  *Substantial Evidence Supports Sterling's Conviction for Arson of Property*

Sterling contends the evidence is insufficient to support the jury's determination that he was the perpetrator who set fire to his girlfriend Teneka Berry's car so as to uphold his conviction for arson of property. We disagree.

In reviewing a challenge to the sufficiency of the evidence, we "consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment.

---

[1]     Statutory references are to the Penal Code.

2

The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt. [Citations.]" (*People v. Mincey* (1992) 2 Cal.4th 408, 432, fn. omitted.) Substantial evidence is that which is "reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

As the trial court instructed the jury pursuant to CALCRIM No. 1515, the crime of arson of property requires proof that (1) the defendant set fire to or burned property; and (2) he acted willfully and maliciously. Under the instruction, "[t]o set fire to or burn means to damage or destroy with fire either all or part of something, no matter how small the part. [¶] Someone commits an act willfully when he does it willingly or on purpose. [¶] Someone acts maliciously when he intentionally does a wrongful act or when he acts with the unlawful intent to defraud, annoy, or injure someone else. [¶] Property means personal property or land other than forest land."

Substantial evidence supports the jury's finding that Sterling committed the crime of arson of property. According to the evidence, on August 18, 2012, Berry lived in an Inglewood apartment with Sterling, their son, her mother and her daughter from a prior relationship. During the afternoon into the evening that day, Berry held a picnic at a park to celebrate her daughter's impending move to San Francisco for college. The father of Berry's daughter was at the picnic and gave Berry a hug. After the picnic, once back at the apartment, Sterling and Berry argued about the hug. As the argument continued, Sterling and Berry went out the back of the apartment, and Berry ultimately told Sterling to leave. According to a detective, Berry reported that before Sterling left he told her "'[y]ou'll see.'" The detective also testified that Berry's daughter reported seeing Sterling later that night taking a lighter to a newspaper while standing by the security door of the apartment. The detective said Berry's daughter told her mother what she had seen, and Berry called 911. The report of the 911 call indicates that Berry said she needed assistance because her ex-boyfriend, whom she identified by name as Sterling, was "trying to burn [her] apartment down."

3

Officers who responded to the call saw a fire burning in the front passenger seat of a vehicle, determined to be Berry's, parked on the street near Berry's apartment. The vehicle's windshield was broken. One of the officers obtained a fire extinguisher and put out the fire through an open rear passenger window. After extinguishing the fire, the officer saw a burned sock and a piece of paper on the front passenger seat of the vehicle. The detective opined that the sock and piece of paper were used to intentionally set a fire inside the vehicle. Berry reported to the detective that at some point she received a text from Sterling saying, "'I'm for you. Please talk to me because your car is on fire.'" Another text from Sterling reported by Berry stated that Sterling had had a "crazy man burn the car." At trial, Berry denied receiving these texts, and she never turned them over to the detective, telling him that she had lost her phone.

Through the testimony of an investigating officer and Sterling's former girlfriend, who is the mother of two of his children, evidence also was elicited that in 2002 Sterling and the former girlfriend had an argument, the former girlfriend asked Sterling to leave the house and then Sterling attempted to set fire to the former girlfriend's car.

Sterling relies on contradictions between Berry's and her daughter's trial testimony, in which they minimized their observations on the night of the incident, and their prior statements during the investigation, which Sterling says were "made in anger," to assert that the evidence is not sufficient to support the conviction. But the jury heard all the evidence, including the contradictions, and reached its own conclusion. We are unable to reweigh the evidence to reach a different conclusion. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

2.      *The Trial Court Did Not Abuse Its Discretion by Declining to Strike Sterling's Prior Strike Conviction for Criminal Threats*

Sterling contends the trial court abused its discretion by declining to strike his prior strike conviction for criminal threats so that he could avoid sentencing under the Three Strikes law. Again, we disagree.

Section 1385, subdivision (a), authorizes a trial court to exercise its discretion to dismiss a defendant's prior serious or violent felony conviction. (*People v. Superior*

4

*Court (Romero)* (1996) 13 Cal.4th 497, 529-530.) The court's discretion, however, is limited. (*Id*. at p. 530.) "[T]he court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part . . . ." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Absent an affirmative disclosure on the record to the contrary, we presume a court considered all pertinent factors in determining whether to dismiss a prior serious or violent felony conviction. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

Sterling argues that, in declining to strike his prior strike conviction, the trial court "exhibited a prohibited antipathy toward [him] and neglected and failed to consider, under section 1385, [him] as an individual. [Sterling's] personal and criminal history, both past and current, makes the record for an individual who falls outside the spirit of the 'strike[]' system and the court in an abuse of discretion ignored that history." According to Sterling, the court failed to sufficiently account for his significant psychiatric history, which resulted from his mother's use of drugs while she was pregnant with him, his involvement in the foster care system as a child based on his mother's drug use, abuse within that system and his father's failure to meet him until he was 10 years old. Sterling essentially argues that his mental health issues mitigated his culpability by affecting his ability to be productive in society. (See Cal. Rules of Court, rule 4.423(b)(2) [mental condition is a mitigating factor in sentencing if it "significantly reduced culpability for the crime"].)

In deciding whether to strike the prior strike conviction, the trial court acknowledged that Sterling's "overall background" "is in his favor," sympathized with the circumstances Sterling faced growing up and as an adult, as identified in his motion to strike his prior strike conviction, and stated that "it's a horrific way to be brought up and very unfortunate." Nevertheless, considering "the seriousness of the present offense," its similarity to the incident in 2002 in which Sterling attempted to set fire to his former girlfriend's car, his failure to learn from the first incident and repetition of the same

5

behavior, the recentness of the 2011 strike and the fact that he was on parole for that offense when he committed the current offense, the court found Sterling was not outside the spirit of the Three Strikes law under *Romero*, *supra*, 13 Cal.4th at pages 529-530.[2] Contrary to Sterling's contention, therefore, the court did consider his mental health issues but determined that they, based on an evaluation of the totality of *Romero* factors, did not warrant striking the prior strike conviction. Such a decision was not an abuse of discretion. (*People v. Carrasco* (2008) 163 Cal.App.4th 978, 994 [trial court's express consideration of defendant's background and character when defendant argues that his mental illness is grounds to dismiss a prior strike conviction demonstrates proper understanding of *Romero* discretion and court need not place greater weight on mental illness than on other relevant criteria].)[3]

---

[2] Sterling has an extensive criminal record, as both a juvenile and an adult, spanning more than 15 years. He has three juvenile adjudications, two for attempting to take a vehicle without the owner's consent and one for burglary, as well as numerous convictions as an adult, including inflicting corporal injury on a spouse or cohabitant, burglary, battery and criminal threats. The criminal threats conviction, which is the prior strike, is from March 30, 2011, and Sterling was on parole for that offense when he committed the current offense.

[3] Although the court did not dismiss Sterling's prior strike conviction, it did rely on his mental health issues to impose the low term of 16 months for the current offense of arson of property. In addition, the court struck the five prior-prison-term enhancements under section 667.5, subdivision (b).

6

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        ROTHSCHILD, Acting P. J.

We concur:


        CHANEY, J.


        MILLER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.