Filed 8/15/16  P. v. Jones CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MELVIN E. JONES et al.,<br><br>    Defendants and Appellants. | 2d Crim. No. B262297<br>(Super. Ct. No. MA063477)<br>(Los Angeles County) |

Melvin E. Jones and Sparkle L. Harris appeal judgment after conviction by a jury of making criminal threats, intimidating a witness, and assault.  (Pen. Code, §§ 422, subd. (a), 140, subd. (a), 245, subd. (a)(4).)[1]  Jones was sentenced to a term of 38 years to life, including a three-year enhancement for inflicting great bodily injury. (§ 12022.7, subd. (a).)  Harris was sentenced to a term of 13 years, including a 10-year enhancement for committing a violent felony in association with and for the benefit of the Pueblo Bishop Bloods street gang.  (§ 186.22, subd. (b)(1)(C).)  Jones and Harris contend there is not sufficient evidence to support the sentence enhancements, and that the trial court abused its discretion when it denied Harris's motion to strike the gang enhancement in the interest of justice.  We affirm.

---

[1] All further statutory references are to the Penal Code.

BACKGROUND

Jones and Harris attacked Shareese Session outside her apartment. Jones grabbed Session by the throat and pinned her against a wall while he and Harris each hit Session once in the face with a fist. The attack caused a single laceration on Session's nose which required stitches and left a scar. Session testified that Jones hit the side of her face and Harris hit her in the nose, and after Jones and Harris ran away she noticed she was bleeding. A neighbor who witnessed the attack from 10 feet away testified it was the punch by Jones that drew blood.

The People alleged both appellants inflicted great bodily injury on Session based on the laceration to Session's nose and the scar. (§ 12022.7, subd. (a).) The People also alleged appellants committed the attack in association with and for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(C).) Jones is a Pueblo Bishop Bloods gang member. Harris is not a gang member. Her brother is a member of the All-For-Crime gang, an ally of the Pueblo Bishop Bloods.

Three months prior to the attack, Session reported to police that Harris's brother was involved in a shooting at the building. Thereafter, whenever Session walked past Harris at the apartment building, Harris would mention the Bloods and Pueblos and say, "Oh, there goes the snitch. I'm gonna get you," or "I'm gonna beat your ass." Harris also stood outside Session's apartment at 4:00 a.m. yelling, "Snitches get ditches." When Session asked her to stop, Harris responded with "Bloods" and stated, "You're gonna get your ass beat."

Session, who manages the apartment building where the attack took place, had previously called the police complaining that Harris was loitering and fighting on the property. On one occasion when Session asked appellants to leave the property, they stated, "We're from Pueblos and we[] can be here if we want to."

During the attack, Jones pumped his fist and said, "I'm Bloods. I'll beat your ass, bitch." Harris said, "I'm gonna beat your ass, bitch. You snitched. We Bloods. You're about to get your ass beat." Both appellants stated, "We're from Pueblos" and made repeated references to the Bloods gang.

2

Los Angeles Police Officer Brian Schilling testified that "[s]nitching is probably the worst thing you can do, either in a gang or have a civilian tell on you . . . ." Snitching brings unwanted attention to gangs and inhibits them from committing further crimes. One of the ways a gang establishes or builds its reputation is through fear of retaliation against those who inform the police of their activities. Schilling opined that an attack like the one against Session would benefit the Pueblo Bishop Bloods by instilling fear in the community and intimidating citizens who might otherwise cooperate with police.

The jury found the great bodily injury and gang allegations true as to both appellants.

## DISCUSSION

### Great Bodily Injury Enhancement

Jones contends there is insufficient evidence to support the jury's verdict that he inflicted great bodily injury. We disagree.

In reviewing whether sufficient evidence supports a criminal conviction, we review the evidence in the light most favorable to the verdict and presume every possible inference the jury could draw from the evidence. (*People v. Jones* (1990) 51 Cal.3d 294, 314.) We will affirm if substantial evidence of reasonable, credible, and solid value supports the verdict. (*Ibid*.) We do not reweigh the evidence, as it is the exclusive province of the jury to determine credibility. (*Ibid*.)

One who "personally inflicts" great bodily injury on another in the commission of a felony is subject to a three-year sentence enhancement. (§ 12022.7, subd. (a).) "[A] defendant personally inflicts great bodily harm only if there is a direct physical link between his own act and the victim's injury." (*People v. Modiri* (2006) 39 Cal.4th 481, 495.) When the defendant participates in a group attack under circumstances in which it is unclear which participant caused a particular injury, the enhancement will apply if (1) the force the defendant used was sufficient that "it may, *by itself*, have caused great bodily injury"; or (2) the force used by the defendant and other participants "*combined* to cause great bodily harm." (*Id.* at p. 496, original italics.)

3

Jones contends the group attack rules do not apply because it is clear that Harris caused the injury. However, it is not clear that Harris alone caused the laceration. Session's neighbor testified that Session started to bleed only after Jones struck her. Jones cites no authority for his contention that the neighbor's testimony is entitled to no weight. The testimony of a single witness is sufficient for the proof of any fact. (CALJIC No. 2.27 (7th ed. 2005).)

The neighbor's testimony supports a conclusion that either (1) a combination of the force used in concert by both appellants caused the laceration; or (2) Jones personally caused the laceration when he hit Session. Either conclusion supports the jury's verdict.

*Gang Enhancement*

Harris contends there is insufficient evidence to support the gang enhancement. We disagree.

One convicted of a violent felony committed for the benefit of a criminal street gang, with the specific intent to promote or assist criminal conduct by gang members, is subject to a 10-year sentence enhancement. (§ 186.22, subd. (b)(1)(C).) Committing a crime in concert with known gang members is sufficient to support the inference that the crime was committed with the intent to assist gang members' criminal acts. (*People v. Albillar* (2010) 51 Cal.4th 47, 68.) That a particular crime was gang-related can be established through expert testimony. (*People v. Garcia* (2016) 244 Cal.App.4th 1349, 1367-1368.)

Harris contends the gang enhancement does not apply because (1) she is not a member of the Pueblo Bishop Bloods; (2) the attack took place outside the Pueblo Bishop Bloods territory; (3) the evidence did not establish an organizational connection between the Pueblo Bishop Bloods and All-For-Crime; and (4) that Harris committed the crime with a gang member is insufficient, by itself, to establish that the attack benefited a criminal street gang. We are not persuaded.

Section 186.22 does not require the prosecution to prove appellant was a member of a gang. (*People v. Albillar*, *supra*, 51 Cal.4th at pp. 67-68.) Our Supreme

Court has found sufficient evidence that a crime is gang-related for purposes of section 186.22 in circumstances when the crime took place outside the gang's territory. (*Id*. at pp. 53-59.) It is true that the People must show an organizational connection between gang subsets in order to use the subsets' crimes to prove the existence of a criminal street gang under section 186.22, subdivision (f). (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) But the People proved Pueblo Bishop Bloods is a criminal street gang by evidence of crimes by that gang itself.

The evidence established that Harris committed the crime with a gang member. Harris repeatedly invoked the Pueblo Bishop Bloods gang name, referred to Session as a snitch, and threatened retaliation. Jones is a member of the Pueblo Bishop Bloods. Harris's brother is a member of a gang which is allied with the Pueblo Bishop Bloods. Session previously called the police about Harris's loitering at the apartment building, and asked Jones and Harris to leave. Expert testimony established that gang members intimidate and retaliate against those who inform the police of their activities, and that such tactics benefit the gang.[2] The jury could reasonably conclude that the attack was an act of retaliation against Session for cooperating with police. Sufficient evidence exists to support the gang enhancement.

*Motion to Strike the Gang Enhancement*

Harris contends the trial court misapplied or misunderstood its discretion to strike the gang allegations because its order denying the motion to strike did not address every point in favor of striking the allegations. We disagree.

The trial court may strike a gang enhancement allegation "in an unusual case where the interests of justice would be best served . . . ." (§ 186.22, subd. (g).) We review the denial of a motion to strike for abuse of discretion. (*People v. Williams* (1998) 17 Cal.4th 148, 162.) The trial court abuses its discretion when it acts in an irrational or

---

[2] The People's expert did not rely on case-specific testimonial hearsay to establish either a pattern of criminal gang activity under section 186.22, subdivision (e) or that Harris's conduct benefited the Pueblo Bishop Bloods. Thus, *People v. Sanchez* (2016) 63 Cal.4th 665 does not affect our analysis.

arbitrary manner. (*People v. Myers* (1999) 69 Cal.App.4th 305, 309-310.) We will affirm if the record shows the trial court reached an impartial decision after balancing the relevant facts. (*Id*. at p. 310)

We presume the trial court understood the relevant law, and that presumption will control in the absence of an affirmative indication in the record to the contrary. (*People v. Gutierrez* (2009) 174 Cal.Ap.4th 515, 527.) There is no such indication in the record. To the contrary, the trial court specifically responded to the main point counsel raised in the motion (that the attack was "more about a family situation" than a gang-related attack). There was no abuse of discretion.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

Kathleen Blanchard, Judge

Superior Court County of Los Angeles

_____

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant Melvin E. Jones.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant Sparkle L. Harris.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and William N. Frank, Deputy Attorney General, for Plaintiff and Respondent.