[No. G021295. Fourth Dist., Div. Three. July 30, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL IAN THORNBURG, Defendant and Appellant.

**COUNSEL**

Michael B. Dashjian, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Bradley A. Weinreb, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**RYLAARSDAM, J.**—When a sentence imposed under the "Three Strikes" law is reversed and the cause remanded for resentencing in light of the Supreme Court's holding in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], and the trial court exercises its discretion by *not* striking the prior conviction(s) for sentencing, must it recalculate defendant's custody credits and issue an amended abstract of judgment? We hold that the trial court must calculate the actual number of days defendant spent in custody, whether in jail or prison, add Penal Code section 4019 conduct credits and issue an amended abstract of judgment. (All further statutory references are to the Penal Code.) Credits for good behavior and work accrued while in prison are to be calculated by the California Department of Corrections (CDC).

### Discussion

Paul Ian Thornburg was convicted of possession of a controlled substance and found to have been previously convicted of a serious felony within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, the Three Strikes law. On appeal, we affirmed the conviction, but remanded the matter for a new sentencing hearing pursuant to the parties' request in light of the Supreme Court's holding in *People v. Superior Court (Romero), supra,* 13 Cal.4th at page 514. (*People v. Thornburg* (Sept. 3, 1996) G017486 [nonpub. opn.].) On remand, the trial court declined to strike defendant's prior conviction and once again imposed a four-year prison term. The court denied defendant's request for additional custody credits and a new abstract of judgment. Defendant appeals from this order.

■ The Attorney General contends the court correctly denied defendant's request because the CDC is responsible for the calculation of credits accrued from the date of the initial sentencing and, relying on *People v. Acosta* (1996) 48 Cal.App.4th 411, 427 [55 Cal.Rptr.2d 675] and *People v. Fares* (1993) 16 Cal.App.4th 954, 957, 959 [20 Cal.Rptr.2d 314], defendant's remedy for any miscalculation of credits is first to the trial court. We reject both contentions.

First, although we affirm the principle announced in *Acosta* and *Fares,* here defendant requested recalculation of custody credits in the trial court before proceeding with the instant appeal. Under these circumstances, it would be a waste of judicial resources to force defendant to renew his previous request before entertaining the issue on appeal. Second, it is the duty of the sentencing court to calculate actual days spent in custody

pursuant to section 2900.5, subdivision (d). This includes time spent in jail pending resentencing. (*People* v. *Chew* (1985) 172 Cal.App.3d 45, 50 [217 Cal.Rptr. 805].) It is the sole province of the CDC to determine prison behavior and work credits. (*Ibid.*; see also *People* v. *Robinson* (1994) 25 Cal.App.4th 1256, 1257-1258 [31 Cal.Rptr.2d 445].) Thus, the trial court should have calculated the total number of actual days spent in custody, whether jail or prison, added the appropriate number of section 4019 conduct credits, and issued an amended abstract.

We also reject the Attorney General's implication that Three Strikes defendants receive fewer credits for time spent in jail awaiting resentencing than defendants sentenced under other sentencing schemes. In *People* v. *Hill* (1995) 37 Cal.App.4th 220 [44 Cal.Rptr.2d 11], the defendant challenged several aspects of the Three Strikes law, including the sentencing court's application of section 667, subdivision (c)(5)'s credit limitation provision to presentence conduct credit. The appellate court resolved the conflict in various Penal Code sections that address the calculation of time credits in defendant's favor, finding section 667, subdivision (c)(5) does not override existing credit provisions with respect to presentence credits. (*People* v. *Hill, supra,* 37 Cal.App.4th at pp. 226-227.) We find no basis to reach a different conclusion where the cause is remanded for resentencing.

## DISPOSITION

We reverse the order denying defendant additional credits for time spent awaiting resentencing. The matter is remanded to determine and award credit for the actual time defendant spent in jail or prison so far and conduct credits earned while in jail. The court's calculation is to be entered without prejudice to defendant's right to receive appropriate behavior and work credits for the entire period of his prison confinement as determined by the CDC.

Wallin, Acting P. J., and Crosby, J., concurred.