[No. B117230. Second Dist., Div. Four. Jan. 19, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL C. MYERS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part IV.

## COUNSEL

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Mary Sanchez and Jim Hart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CURRY, J.**—A parole search of the residence of Michael C. Myers on May 3, 1995, revealed two loaded handguns hidden under a mattress. Appellant

was sentenced to prison for a term of 25 years to life after he was found guilty by a jury of being a felon in possession of a firearm in violation of Penal Code section 12021, subdivision (a)(1) and found by the court to have previously been convicted of three serious or violent felonies within the meaning of the "Three Strikes" law.

This is his second appeal. In the first, we affirmed the judgment of conviction, but remanded for: (1) an exercise of discretion under the holding of *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]; (2) a determination as to whether to strike or impose one-year enhancements pursuant to Penal Code section 667.5, subdivision (b); and (3) recalculation of presentence custody credits under Penal Code section 4019. On remand, the court denied appellant's motion to strike prior convictions, granted his request to strike 4 one-year enhancements, and awarded appellant 360 days of presentence custody credits pursuant to stipulation of the parties.

Appellant contends he is entitled to be resentenced because the trial court abused its discretion in denying his motion to strike prior convictions, failed to obtain a supplemental probation report, miscalculated his presentence custody credits and imposed an unconstitutionally cruel and unusual punishment. For reasons explained in this opinion, we reject these contentions and affirm the judgment.

DISCUSSION

I

At the time of sentencing, the prosecution offered appellant a negotiated disposition pursuant to which one of appellant's prior strike convictions would be stricken in return for his agreement to forfeit all custody credits earned up to that point.[1] Appellant refused this offer, despite the trial court's warning that it did not intend to grant his motion to strike. The court then denied appellant's motion, explaining that appellant's 1983 convictions were for violent felonies (arson and armed robbery) which had potential for great violence, and that the circumstances of the current conviction involved possession of a gun and the possibility of violence.

Appellant contends this ruling was an abuse of discretion because the court failed to weigh the relevant sentencing factors, including his age, the nature and circumstances of his current nonviolent offense and the

---

[1] Appellant's attorney explained on the record that if appellant accepted the offer, he "would serve 80 percent of ten years from today forward and he would be out in eight years."

remoteness of his prior offenses. Appellant charges that the only factor actually considered by the court was "violence, or the threat of violence involved in the prior strike convictions and the current offense" and that the court "failed to realize that the timing of appellant's strikes could properly operate as a factor in mitigation." Appellant's brief asserts that it is "obvious" appellant did not understand "that because his conviction had already been upheld on appeal, the only possible favorable result was the dismissal of his prior strike convictions." He argues that under these circumstances the court's failure to strike two of his prior convictions was arbitrary and capricious.

Respondent counters that appellant's contention of error must be summarily rejected under the holding of *People* v. *Benevides* (1998) 64 Cal.App.4th 728 [75 Cal.Rptr.2d 388]. In that case the reviewing court stated that ". . . if the court does not exercise its power to dismiss or strike, there is no review available to the defendant on appeal." (*Id.* at p. 734.) This statement was qualified by footnote 6, added in modification of the opinion: "We do not hold a defendant may not appeal or that a defendant lacks standing to appeal the issue. Rather, we conclude that trial court error for failure to exercise its section 1385 discretion must be affirmatively shown by the record. [Citation.] Under this limited review for trial court error, we do not reweigh the circumstances of the case to determine whether, in our opinion, the trial court should have, or properly refrained from, exercising its discretion to strike a prior conviction." (64 Cal.App.4th at p. 733, fn. 6.)

To the extent that the *Benevides* court was attempting to say that it does not review the trial court's decision de novo, we, of course, agree. The opinion labors, however, because it rests upon the questionable premise that the denial of a motion to strike a prior conviction is *not* an exercise of discretion. Discretion is the power to make the decision, one way or the other. (See *People* v. *Tenorio* (1970) 3 Cal.3d 89, 95 [89 Cal.Rptr. 249, 473 P.2d 993] [sentencing discretion is "a judicial power which must be based upon an examination of the circumstances of the particular case before [the judge], and which is subject to review for abuse"]; *Gossman* v. *Gossman* (1942) 52 Cal.App.2d 184, 194-195 [126 P.2d 178] [discretion " 'is that power of decision, exercised to the necessary end of awarding justice, and based upon reason and the law, but for which decision there is no special governing statute or rule' "].)

We need not dwell on *Benevides*. ■ We shall continue to review rulings on motions to strike prior convictions when the issue is raised under the deferential abuse of discretion standard. Under that standard an appellant who seeks reversal must demonstrate that the trial court's decision was

irrational or arbitrary. It is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions. Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance. (*People* v. *Wade* (1959) 53 Cal.2d 322, 338 [1 Cal.Rptr. 683, 348 P.2d 116].)

■■■ Here, the record demonstrates that appellant's counsel filed a sentencing memorandum which brought to the court's attention the specifics of the holding of *People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th 497, the circumstances of appellant's current crime (including the fact that the first jury to hear the case hung nine to three in favor of acquittal), and the fact that all of his prior felony convictions were committed on one occasion more than fourteen years earlier. At the resentencing hearing, counsel informed the court that appellant rejected the prosecution's offer despite advice to the contrary, that the first jury had hung, that the guns had been found in appellant's girlfriend's apartment, that there were no fingerprints tying appellant to the guns, that the critical evidence of guilt was a statement of ownership attributed to appellant by police, but which appellant denied having made. Appellant's counsel also argued that the crime involved no violence, and that appellant's prior convictions all arose out of one transaction in which appellant was not armed. The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary. (*People* v. *Kelley* (1997) 52 Cal.App.4th 568, 582 [60 Cal.Rptr.2d 653].) Thus, the fact that the court focused its explanatory comments on the violence and potential violence of appellant's crimes does not mean that it considered only that factor. Accordingly, appellant has not demonstrated that the trial court abused its discretion in denying his motion to strike prior convictions.

## II

Appellant contends the trial court erred in failing to obtain a supplemental probation report before resentencing him. He argues that the report was required under the holding of *People* v. *Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21], which held that ". . . upon remand for resentencing, even when the defendant is ineligible for probation, if the resentencing court has discretion to alter the length of the defendant's imprisonment, it must obtain a new, updated probation report, including information regarding the defendant's behavior while incarcerated during the pendency of any appeal, before proceeding with the resentencing." (*Id.* at p. 7.) Appellant acknowledges case law to the contrary, including *People* v. *Bullock* (1994) 26 Cal.App.4th

985 [31 Cal.Rptr.2d 850], but argues that it is reasonably probable a supplemental report would have had a favorable impact in light of the facts of this case.

■ Respondent counters that this claim of error has been waived for failure to request the report in the trial court. We agree. The record reveals that the court was willing to continue sentencing in order to allow appellant's counsel time to contact appellant's family, and did so despite appellant's personal objection to a continuance for any purpose. It is reasonable to infer from this record that if a timely objection had been made to the absence of a supplemental report, the court would have ordered one or explained why it was not necessary. (*People* v. *Llamas* (1998) 67 Cal.App.4th 35, 39 [78 Cal.Rptr.2d 759].) Under these circumstances appellant will not be heard to complain that the court ruled on his motion to strike without benefit of a supplemental probation report.

## III

■ Appellant contends the trial court erred in failing to calculate and award him custody credits pursuant to Penal Code section 4019 for the period of time he was awaiting resentencing. Appellant cites *People* v. *Thornburg* (1998) 65 Cal.App.4th 1173 [77 Cal.Rptr.2d 288], in support of this assertion.

In *Thornburg,* the reviewing court held that when a cause is remanded for resentencing under *Romero*, and the trial court denies the motion to strike prior convictions, ". . . the trial court must calculate the actual number of days defendant spent in custody, whether in jail or prison, add Penal Code section 4019 conduct credits and issue an amended abstract of judgment." (65 Cal.App.4th at p. 1175.) The court reasoned, tersely, that it was the duty of the sentencing court to calculate actual days spent in custody, including time spent in jail pending resentencing, and that it was the sole province of the California Department of Corrections to determine prison behavior and work credits. (*Id.* at pp. 1175-1176.)

The soundness of *Thornburg*'s holding is debatable. A sentenced defendant remains in the constructive custody of the Department of Corrections, serving his or her sentence, while in local custody for the sole purpose of hearing on a motion to strike prior convictions. (See *People* v. *Bruner* (1995) 9 Cal.4th 1178, 1183 [40 Cal.Rptr.2d 534, 892 P.2d 1277].) If the court denies the motion, resentencing is not necessary. Requiring a trial court to recalculate presentence custody credits and issue an amended abstract of judgment under these circumstances is to invite confusion and waste of

resources. But this case is distinguishable from *Thornburg*, in any event. There, the defendant raised the issue in the trial court. In this case, by contrast, appellant, by and through his counsel, stipulated to the amount of presentence custody credits to be awarded. Accordingly, any alleged error has been waived.

### IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

For the foregoing reasons, the judgment is affirmed.

Vogel (C. S.), P. J., and Epstein, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 14, 1999. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 305.