Filed 12/23/13  P. v. Vega CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID DANIEL VEGA,<br><br>    Defendant and Appellant. | G046736<br><br>(Super. Ct. No. 08CF1081)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David A. Thompson, Judge.  Request for judicial notice granted.  Reversed for resentencing.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted David Daniel Vega of reckless driving while fleeing a police officer (Veh. Code, § 2800.2; count 1), felon in possession of a firearm (former Pen. Code, § 12021, subd. (a); count 2; all statutory references are to the Penal Code unless otherwise stated), and unlawful vehicle taking (Veh. Code, § 10851, subd. (a); count 4). The jury acquitted him of gang-related charges and enhancements. The trial court found Vega previously suffered four prior convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (d) & (e)(1); 1170.12, subds. (b) & (c)(1)) and served two prison terms (§ 667.5, subd. (b)). Vega contends the trial court abused its discretion by failing to strike his prior "strike" convictions. In a supplemental opening brief, Vega argues he should be resentenced under the ameliorative provisions of Proposition 36, the November 7, 2012 amendment to sections 667 and 1170.12 which conceivably reduces his sentence from 25 years to life to a lesser determinate term. We agree with the latter contention and remand for resentencing.

I

FACTUAL AND PROCEDURAL BACKGROUND

In December 2007, Mario Flores loaned his 2006 Nissan to Vega with the understanding Vega would return the car in an hour. Five days later Vega still had not returned the car, and Flores reported the matter to the police.

On April 5, 2008, Santa Ana police officers attempted to stop Vega for a traffic violation. Vega led the officers on a moderately high-speed pursuit, violating numerous Vehicle Code provisions, which concluded when Vega spun out and came to a stop. Vega threw an unloaded semiautomatic handgun from the car before he emerged. He struggled with the officers, who "Tasered" him twice before taking him into custody.

Vega testified Flores sold him the Nissan, but Vega failed to make payments as promised. Vega admitted to being a heroin and methamphetamine addict and had been using methamphetamine with companions when the officers approached. He fled because he had violated his recent parole by failing to report to his parole officer and he did not want to return to prison. He claimed the handgun was not his, explaining he noticed it on the floor near the front passenger seat during the pursuit and threw it from the car because he feared getting shot. He denied fighting with the officers. He admitted belonging to the Los Compadres gang in 1994, but denied being an active participant in the gang when arrested in this case.

Following trial in July 2009, the jury convicted Vega of the charges listed above. In September 2009, the trial court found Vega previously had suffered four serious or violent convictions constituting strikes under the Three Strikes law, including two 1994 robbery convictions, a third robbery conviction also in 1994, and aggravated assault by an inmate not serving a life sentence in 2000 (§ 4501). Two of the convictions also qualified for one-year prison term enhancements (§ 667.5, subd. (b)). Vega asked the court at his sentencing hearing to strike his prior convictions under section 1385. The trial court declined to strike the prior convictions and imposed concurrent 25 years to life terms for each of the current convictions.

II

DISCUSSION

A. *The Trial Court Did Not Abuse Its Discretion in Declining to Strike Vega's Prior Strike Convictions*

Vega contends the trial court abused its discretion when it declined to strike his prior convictions in the interests of justice. (*People v. Superior Court* (*Romero*)

3

(1996) 13 Cal.4th 497 (*Romero*); § 1385.)[1]  The Three Strikes law was "designed to increase the prison terms of repeat felons" (*Romero,* at p. 504) within a spirit of """"the fair prosecution of crimes properly alleged." [Citation.]'"  (*Id.* at p. 531.)  In *Romero*, the Supreme Court concluded section 1385, subdivision (a), permits a trial court to exercise its discretion to strike a prior felony conviction in the interests of justice.  But courts may not dismiss prior convictions solely to accommodate judicial convenience or relieve court congestion.  Nor may the court strike a prior solely in exchange for a guilty plea, or because the court dislikes the lengthy sentence a defendant must serve under the Three Strikes law.  (*Romero,* at p. 530.)

The standard for ruling on a *Romero* motion, and for our review, is "whether, in light of the nature and circumstances of [a defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  Our review is "deferential," not de novo; the issue is whether the trial court's decision "'falls outside the bounds of reason.'"  (*Id.* at p. 162.)

Vega argued below the court should strike the prior convictions because his current offenses were not "violent or life threatening," his prior offenses were remote in time and arose from a limited period of felonious behavior, and at the time of sentencing

---

[1]  Section 1385 provides, "(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed.  The reasons for the dismissal must be set forth in an order entered upon the minutes.  No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

he was 39 years old and "ripe for rehabilitation." Vega expressed remorse and asked for a chance to shed his drug addiction and to become a law-abiding citizen.

The trial court agreed Vega did not target or harm specific victims, and his current crimes did not constitute statutorily defined serious or violent behavior. The court acknowledged the prosecution could have filed Vega's reckless evading and vehicle theft offenses as misdemeanors, Vega's prior robbery convictions occurred before enactment of the Three Strikes law, and two of the robberies occurred during a single episode. The court also noted these robberies occurred 17 years earlier and arguably constituted a brief period of aberrant behavior when Vega was a relatively young man, and Vega's most recent felony conviction occurred 10 years earlier.

But the trial court found the current crimes were "not trivial" and Vega's failure to stop the stolen vehicle for officers "jeopardized the safety of many residents as well as the pursuing officers." Vega possessed a firearm and physically resisted the officers' efforts to arrest him. The court emphasized Vega's prior crimes involved force and violence, including robbing parked motorists of personal property and stabbing a fellow inmate during a prison fight, and his past performance on probation and parole was poor. He committed the third robbery while on probation for the prior robberies, and committed the current offenses while on parole and within one month of his release from prison. Vega already had avoided a Three Strikes sentence when a court exercised leniency in 2000 and sentenced him as a second strike offender. Vega had "not demonstrated effective reform and rehabilitation during the past 17 years spent primarily either in prison or on parole."

The trial court also found Vega's personal background was unfavorable. He joined a criminal street gang at age 14. He was expelled from high school. He began

5

abusing alcohol at age 12, had a long substance abuse history, and abused marijuana, cocaine, methamphetamine and heroin on a daily basis. Vega had not taken steps to overcome his addiction either in custody or in the community. Nor did he take "advantage of the opportunity afforded to him upon his release on parole" in 2007 and "instead proceeded to commit additional crimes." The court stated it was "dissatisfied with the sentencing alternatives in [the] case," but after careful consideration there were no "extraordinary circumstances" placing Vega "beyond the spirit and scope of the Three Strikes law."

The trial court considered Vega's background, character, and prospects, and weighed the relevant sentencing factors before declining to strike the prior convictions. Vega has not shown the court's decision was arbitrary or irrational. Put another way, "[i]t is not enough to show that reasonable people might disagree about whether to strike one or more of [defendant's] prior convictions. Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling. . . ." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) We discern no abuse of discretion.[2]

B.   *Proposition 36, the Three Strikes Reform Act of 2012, Applies to Cases Not Yet Final on Appeal as of November 7, 2012*

In a supplemental brief, Vega also argues he is entitled to be resentenced under the Three Strikes Reform Act of 2012 (Reform Act), enacted as part of Proposition

---

[2]    Vega states the court "abuses its discretion when it fails to avoid an unconstitutionally disproportionate sentence by failing to dismiss strike convictions." We do not read this statement as a claim the imposed sentence constituted cruel and unusual punishment under the state or federal Constitutions, and we do not address that issue.

6

36, because his conviction was not final at the time the Reform Act became effective and the offense for which he was convicted is neither a serious nor violent felony. The Attorney General argues Vega is not entitled to resentencing because he was serving an indeterminate life term under the Three Strikes law at the time the Reform Act was enacted. According to the Attorney General, Vega must petition the trial court to recall his sentence under section 1170.126, also enacted as part of the Reform Act.

The issue is currently pending in the Supreme Court. Until that court resolves the issue, we agree with Vega for the reasons recently expressed in *People v. Contreras* (2013) 221 Cal.App.4th 558 (*Contreras*) that the Reform Act operates retroactively in favor of defendants who have been sentenced before the effective date but whose judgments are not yet final. (*In re Estrada* (1965) 63 Cal.2d 740; see *In re N.D.* (2008) 167 Cal.App.4th 885, 891 ["Cases in which judgment is not yet final include those in which a conviction has been entered and sentence imposed but an appeal is pending when the amendment becomes effective."]; cf. *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 [not retroactive]; *People v. Lester* (2013) 220 Cal.App.4th 291, 304 [same, but with a dissent].) The voters did not clearly signal an intent to make the amendment prospective only by the inclusion of either an express saving clause or its equivalent. (*People v. Nasalga* (1996) 12 Cal.4th 784, 793.) Section 1170.126, which allows inmates sentenced under the previous version of the Three Strikes law to petition for a recall of their sentence if they would not have been sentenced to an indeterminate life sentence under the Reform Act, is not an express saving clause, nor is it the "'functional equivalent'" of a saving clause. (Contreras, supra, 221 Cal.App.4th at p. 563; see also § 1170.126, subd. (k) ["Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant"].)

Moreover, as noted by *Contreras*, "the purposes of the Reform Act . . . are served by applying *Estrada*. 'The Act's proponents advanced six arguments in favor of the Act in the Voter Information Guide. The argument headings were titled: (1) "make the punishment fit the crime"; (2) "save California over $100 million every year"; (3) "make room in prison for dangerous felons"; (4) "law enforcement support"; (5) "taxpayer support"; and (6) "tough and smart on crime.'" [Citation.] The electorate was concerned that 25-year-to-life sentences for nonviolent, nonserious offenses were unfair, the prisons were overcrowded, and the prisons were too expensive. All of these concerns support retroactive application of the Reform Act." (*Contreras*, *supra*, 221 Cal.App.4th at p. 564.)[3]

C. *Vega Was Not Armed with a Firearm During Commission of a Current Offense Within the Meaning of Section, Subdivision 667(e)(2)(C)(iii)*

The Attorney General argues Vega is disqualified from relief under the Reform Act because "[d]uring the commission of the current offense" Vega "was armed with a firearm . . . ." (§ 667, subd. (e)(2)(C)(iii).) She states Vega is disqualified because the record shows he "committed the current offenses while he was armed with a firearm. [Vega], a convicted felon, had the gun with him as he tried to elude the police in Flores' car. . . . When the car finally spun out and came to a complete stop during the chase, [he] fumbled for something in his front waistband area, opened the driver's side door, and tossed out a gun. Appellant clearly was armed with a firearm during the commission of his current offenses."

---

[3] We hereby grant the Attorney General's motion for judicial notice of excerpts from the Official Voter Information Guide prepared by the Secretary of State for the November 6, 2012 election insofar as it concerns Proposition 36, which enacted the Three Strikes Reform Act of 2012.

8

Vega responds the prosecution failed to plead and prove any disqualifying factors; therefore, using a disqualifying factor not proved to the jury would violate his constitutional rights to due process and a jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466. Vega also argues his conviction for possessing a firearm "does not, in and of itself, constitute a disqualifying factor" because the arming must occur during the "commission of a separate, tethering felony," and "the mere fact that a defendant has a firearm available does not necessarily mean that the defendant was armed with a firearm in the commission of that felony. Simple possession of a weapon, without having it available for immediate use, would constitute possession of a firearm for purposes of section 12021, but it would not necessarily rise to the level of being armed. (*People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1414.)"

The Reform Act provides the defendant shall be sentenced as a second strike offender (see § 667, subd. (e)(1)) "unless the prosecution pleads and proves any of the following: . . . [¶] . . . [¶] (iii) During the commission of the current offense, the defendant . . . *was armed with a firearm or deadly weapon . . . .*" (§ 667(e)(2)(C), italics added.)

The Reform Act does not define "armed with a firearm." In *People v. Bland* (1995) 10 Cal.4th 991 (*Bland*), the court noted that former section 12022, which imposed an additional prison term for anyone "*armed* with a firearm in the commission" of a felony, applied where "the defendant has the specified weapon available for use, either offensively or defensively." (*Id.* at p. 997.) According to *Bland*, the firearm must be available for use during and in furtherance of the felony. (*Id.* at p. 1001.) Section 12022 "requires both that the 'arming' take place *during* the underlying crime and that it

9

have some '*facilitative nexus*' to that offense." (*Bland*, at p. 1002 [firearm kept close at hand for ready access to aid in offense].)

Whether the defendant used or was armed with a firearm during the commission of an offense is a question for the trier of fact. (See *People v. Masbruch* (1996) 13 Cal.4th 1001, 1007.) Here, the prosecution failed to plead Vega was armed with a firearm in the commission of any of the charged offenses, and the jury was not called upon to determine whether Vega had the *unloaded* semiautomatic handgun available for use, either offensively or defensively, during and in furtherance of the charged felonies of evading arrest and vehicle theft. (See *Bland*, *supra*, 10 Cal.4th at p. 1005 [jury "faced with deciding whether a defendant had a firearm available for use in the commission of a felony may consider the fact that the firearm was unloaded].)

Vega suffered a current conviction for felon in possession of a firearm, former section 12021, subdivision (a)(1). The former statute provided, "(a)(1) Any person who has been convicted of a felony . . ., and who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony." By its terms, a defendant may violate section 12021(a)(1) without having the firearm available for use during and in furtherance of another felony. The jury's verdict therefore did not establish Vega was armed with a firearm during commission of the current offenses.

## III

### DISPOSITION

The cause is remanded for the trial court to resentence defendant pursuant to section 667, subdivision (e)(1), (2)(C) and section 1170.12, subdivision (c)(1), (2)(C). In all other respects, the judgment is affirmed.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

11