Filed 11/28/22 P. v. Flores-Ventura CA5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JOSE ANTONIO FLORES-VENTURA, Defendant and Appellant. | F082467 (Super. Ct. No. MCR031666B) **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County. James E. Oakley, Judge.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Peña, J.

## INTRODUCTION

In 2013, appellant Jose Antonio Flores-Ventura was convicted by jury of first degree murder (Pen. Code,[1] § 187, subd. (a)) and attempted first degree murder (§§ 664, 187, subd. (a)). In addition, the jury found true a special circumstance alleging the murder was committed during the commission of a robbery. (§ 190.2, subd. (a)(17).) Flores-Ventura was sentenced to a prison term of life without the possibility of parole plus a term of life with the possibility of parole.

In 2019, following the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill. No. 1437), Flores-Ventura filed a section 1170.95 petition for resentencing seeking to vacate his murder conviction.[2] After a contested hearing (§ 1172.6, subd. (d)(1)), the trial court denied his petition. The trial court held that the jury's true finding on the special circumstance rendered Flores-Ventura ineligible for relief as a matter of law. In addition, the trial court made an independent determination that Flores-Ventura had acted as a major participant in the robbery with reckless indifference to human life and was therefore guilty of murder following changes made to sections 188 and 189 by Senate Bill No. 1437. On appeal, we affirmed the trial court's order.

Our Supreme Court granted review and transferred the matter back to this court with directions to vacate and reconsider in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Following reconsideration, this court filed an order stating that we intended to vacate the trial court's order and to remand the matter back to the lower court for further proceedings. This court's order stated, "[f]ailure to file objections may be

---

[1]     All undefined statutory citations are to the Penal Code.

[2]     Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Flores-Ventura filed his petition prior to this renumbering, and he therefore referred to the statute as section 1170.95 in his petition. In this opinion, for the sake of consistency, we refer to the statute by its current designation, section 1172.6.

deemed agreement with the proposed disposition." To date, we have not received an objection from the parties.

We order our prior decision vacated and, for the reasons stated herein, we reverse the trial court's order denying Flores-Ventura's petition for resentencing. On remand, the court is directed to issue an order to show cause and to hold an evidentiary hearing on the petition.

## PROCEDURAL HISTORY

In 2013, Flores-Ventura was convicted by jury of first degree murder (§ 187, subd. (a)) and attempted first degree murder (§§ 664, 187, subd. (a)). In addition, the jury found true special circumstances alleging the murder was committed during the commission of a robbery. (§ 190.2, subd. (a)(17)(A).) He was sentenced to a prison term of life without the possibility of parole plus a term of life with the possibility of parole.

On June 24, 2015, on appeal from the conviction in superior court case no. MCR031666B, this court affirmed Flores-Ventura's judgment of conviction. (*People v. Flores et al.* (June 24, 2015, F067554) [nonpub. opn.].)

On February 14, 2019, following the enactment of Senate Bill No. 1437, Flores-Ventura filed a section 1170.95 petition for resentencing seeking to vacate his murder conviction. The court appointed Flores-Ventura counsel. The People filed a motion opposing the petition.

On October 2, 2019, the trial court declared that it would issue an order to show cause (OSC), and that it would prepare the OSC. The court and the parties set a hearing on the OSC.

On February 11, 2021, following argument by the parties, the trial court denied Flores-Ventura's petition.

On May 23, 2022, this court affirmed the trial court's denial of Flores-Ventura's petition for resentencing. (*People v. Flores* (May 23, 2022, F082467) [nonpub. opn.].) Flores-Ventura filed a petition for review with our Supreme Court.

3.

On August 8, 2022, our Supreme Court held that a pre-*Banks*/*Clark*[3] felony-murder special circumstance finding does not render a former section 1170.95 petitioner ineligible for relief as a matter of law. (*Strong*, *supra*, 13 Cal.5th at p. 703.)

On September 14, 2022, our Supreme Court granted review of Flores-Ventura's case and transferred the matter back to this court for reconsideration in light of *Strong*.

On September 19, 2022, this court filed an order stating an intent to vacate the trial court's order and to remand the matter back to the lower court for further proceedings. The parties did not file an objection to this court's order.

## FACTS

### *The Underlying Crime*

The following statement of facts is taken from this court's opinion in *People v. Flores et al.*, *supra*, F067554.[4]

#### *"Dairy Shootings*

"On January 19, 2008, Sergio Ventura, Salvador Gutierrez Martinez, and Alberto Ivan Narvaez-Torres, were working the late nightshift at the Coelho Farms dairy in Chowchilla. It was Narvaez-Torres's first night on the job.

"As the three men worked in the milking barn, two men rushed in and one of them initially fired two gunshots. The shooter was wearing a multicolored sweater and a yellow bandana. The shooter used a rifle with a piece of cloth tied on to catch the shell casings as they were ejected from the gun. The second assailant carried a shotgun but did not fire any shots.

---

[3]  *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

[4]  We have omitted a portion of the statement of facts from this court's unpublished opinion. With respect to the facts recited, we provide these facts only for background concerning the nature of Flores-Ventura's conviction. (See *People v. Clements* (2022) 75 Cal.App.5th 276, 292, citing former § 1170.95, subd. (d)(3) ["effective January 1, 2022, the Legislature limited use of prior appellate opinions, allowing trial judges to 'consider the procedural history of the case recited' "]; see also *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9 ["Senate Bill 775 prevents a trial court from relying on facts recited in an appellate opinion to rule on a petition under section 1170.95."].)

4.

"Ventura explained that Narvaez-Torres was shot and dropped to the ground. A bullet grazed Ventura in the head. Ventura initially tried to run away, saw someone else had entered the barn, and realized he could not escape. Ventura dropped to the ground and played dead. Narvaez-Torres was making noises until the shooter shot him again.

"Right after Narvaez-Torres stopped making any sounds, Ventura could feel the assailants searching his pants pockets. Referring to Ventura, one of the assailants said to the other that '[t]his dude, he doesn't have anything.' When Martinez, the third dairy worker, saw a gun and heard gunshots, he ran out of the barn, got a tractor, and went to Tim Coelho's home.

"Coelho's home is about a quarter of a mile from the dairy barn. When Martinez and Coelho returned to the barn, they found Narvaez-Torres not breathing, with a pool of blood behind his head. A spent bullet was found in the barn. During the autopsy of Narvaez-Torres, one bullet was recovered from the victim's brain and another was recovered from his vertebrae. The bullets recovered from Narvaez-Torres were .22-caliber.

"Ventura explained that Flores-Ventura was his cousin and was familiar to him. Flores-Ventura had previously worked at the dairy, but stopped doing so months prior to the shooting. Ventura saw the assailants at trial and identified Flores-Ventura. Ventura viewed a video of the shooting and testified that it accurately depicted the events that occurred that night.

"According to Coelho, Flores-Ventura had worked at the dairy until August 2007. Coelho fired Flores-Ventura because he was tardy to work and failed to show up to work a couple of times.

"Soon after the shooting, Flores told his friend Miguel Guillen that he had gone with Flores-Ventura to the dairy in Flores's car. They went to the dairy because someone owed Flores-Ventura money. Flores told Guillen he shot the guy who was killed with a .22-caliber rifle. When Guillen asked Flores why he did it, Flores said "he had to." Flores also told Guillen they got $10 from the victims and he later buried or burned the rifle."

### The Trial Court's Ruling on Flores-Ventura's Petition for Resentencing

On October 2, 2019, the trial court declared it would issue an OSC. Although a typewritten OSC does not appear within the appellate record, an evidentiary hearing was held on Flores-Ventura's petition on February 11, 2021.

5.

At the commencement of the hearing, the trial court made the following statements:

> "I can say that I was the trial judge in this matter. I remember the evidence well. I have reviewed the file. I have not gone over the transcripts, the disc that you sent me was unreadable, … So, you may want to resubmit one for the record, but it's not necessary. I have, again, gone over the file, and I remember the details of this offense fairly clearly.
>
> "The Court should also note that I have reviewed the motion itself. Further, the People's motion to deny the petition, filed May 1st, 2019, and also the supplemental to People's motion to deny the defendant's petition, filed August 7th, 2020.
>
> "The Court does recognize that the Court must be convinced in this hearing by beyond a reasonable doubt that the current sentence is appropriate under the facts of this case."

No new evidence was presented at the hearing. Following argument by the parties, the court denied Flores-Ventura's petition, stating:

> "The Court is going to rule at this time. The Court is going to deny the motion for resentencing, and I want to go over an explanation.
>
> "The fact is that the jury returned a verdict in this case on April 22, 2013. As to the charge of murder, the defendant was found guilty of first-degree murder, and the jury [found] true the special allegation that the defendant committed the murder of Albert Ivan [Narvaez-Torres] while the defendant was engaged in the commission of the attempted commission of a robbery, a felony within the meaning of Section 190.2, subparagraph (a), subparagraph (17) of the Penal Code.
>
> "And it is true, as noted by the District Attorney, that the jury was properly instructed, pursuant to the instructions 703 of the intent requirement of an accomplice, and that the jury was told that they – in order to prove this special circumstances for a defendant who is not the actual killer, but who is guilty of first-degree murder as an aider and abettor or a member of a conspiracy, the People must prove either that the defendant intended to kill or the People must prove all of the following:
>
>> "1.  The defendant's participation in the crime began before or during the killing.
>> "2.  The defendant was a major participant in the crime.

6.

And,

"3.     When the defendant participated in the crime, he acted with reckless indifference to human life.

"So, the jury was instructed properly and found, beyond a reasonable doubt, those factors to be present.

"But even if the Court did not have that specific instruction and the specific finding to rely upon, the Court would find at this time, beyond a reasonable doubt, that at the time of the commission of this murder, this killing, that pursuant to Section 190.2, subparagraph (d), that he acted with reckless indifference to human life; and, as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the commission of a felony enumerated in paragraph 17 of subdivision (a), which resulted in the death of some person or persons who is found guilty of murder.

"And the Court also finds, consistent with the verdict of the jury, that at the time of the commission of the robbery, that the defendant's participation in the crime began before the killing, the defendant was a major participant in the crime, and the defendant participated in the crime, he acted with reckless indifference to human life.

"Now, I heard all of the evidence. I saw the video. And [defense counsel's] argument that the other defendant entered first and fired the shot is a little misleading, just in terms of the timing of it, because this was a very quick event.

"It may have been that the other defendant was a step or two ahead of Mr. Flores-Ventura, but they came in, virtually, right together, both armed. The shot made almost immediately that was fatal. And, immediately, both of them went to the bodies that were downed and went through their pockets.

"It was clear that this did not phase Mr. … Flores-Ventura, in that it seemed that he was of a mind to look for something in the pockets of the men who were downed, including the decedent in this case.

"So, I think the video is a very important piece of evidence. And while it does show that the other defendant came in first, the timing was immediate as to Mr. Flores-Ventura coming in. The fact that he did not fire the shot is important, but that's the very reason why we are here. If he had fired the shot, then this motion would not even be a consideration.

"This Court does find that this was certainly more than just a planning of a robbery with other confederates, and not one in which he had any personal

7.

reckless disregard for the life of the victim. It seemed to me that he put himself and the other defendant, or they put each other, in a situation where it was entirely foreseeable that somebody would get killed.

"And, therefore, the Court does find this to not even be a close case. The Court does deny the motion."

## DISCUSSION

### I. The Jury's Special Circumstance Finding

Our Supreme Court recently held that when, as here, a petitioner's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6 [(former section 1170.95)]." (*Strong, supra*, 13 Cal.5th at p. 721.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id*. at p. 710.) Our Supreme Court explained that *Banks* and *Clark* "both substantially clarified the law governing findings under ... section 190.2, subdivision (d)." (*Id*. at p. 706.) Thus, a pre-*Banks* and *Clark* special-circumstance finding does not foreclose a petitioner from showing that he or she could not presently be convicted of murder or attempted murder because of changes to section 188 or 189. "[T]he finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Id*. at pp. 717-718.)

Here, the jury's true finding on the special circumstance occurred in 2014, prior to our Supreme Court's decisions in *Banks* and *Clark*. We are therefore unable to conclude Flores-Ventura is ineligible for relief as a matter of law on this basis.

### II. The Trial Court's Independent Determination that Flores-Ventura Was a Major Participant Who Acted With Reckless Indifference to Human Life

At the conclusion of an evidentiary hearing, the trial court held that consistent with the jury's special-circumstance finding, the evidence established, beyond a reasonable doubt, that Flores-Ventura had acted as a major participant in the robbery with reckless

8.

indifference to human life. The court added, "the Court does find this to not even be a close case."

In his appeal from the trial court's denial of his petition for resentencing, Flores-Ventura did not challenge the trial court's findings or its ruling except to state that it is not clear "whether the court considered all of the pertinent factors under *Banks/Clark*." Unless the record contains evidence to the contrary, we presume the trial court considered all available evidence before it and made factual findings necessary to support its ruling. (See generally, *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["[t]he court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].) Here, the record contains no affirmative indication that the trial court failed to consider any of the *Banks/Clark* factors.

The issue, in our view, is not whether the trial court considered all pertinent factors under *Banks/Clark* in concluding that Ventura-Flores was a major participant in the robbery who acted with reckless indifference to human life, but how the trial court reached its conclusion.

The trial court judge presiding over the evidentiary hearing on Flores-Ventura's petition for resentencing was the same judge who had presided over the criminal trial. The judge explained that he had "heard all of the evidence" and had seen a video depicting the shooting. The trial court expressly stated that it did not review the transcripts from Flores-Ventura's criminal trial, but that it had reviewed the court file and had "remember[ed] the details of this offense fairly clearly."

The transcript from Flores-Ventura's criminal trial was not made part of the record on appeal. Neither were documents from the court file, the contents of which are unknown from the record. Although the parties referenced a video exhibit at the evidentiary hearing that depicts the shooting, which the trial court characterized as "a very important piece of evidence," this video is also not part of the record. It appears the trial court primarily relied upon its own recollection of the evidence in concluding Flores-

9.

Ventura is guilty of murder as a major participant who acted with reckless indifference to human life.

The problem with the trial court's reliance upon its own recollection of the evidence is two-fold. First, the trial court's recollection of the evidence adduced at trial is not competent evidence that may be used to prove the petitioner's guilt, beyond a reasonable doubt, at a section 1172.6 evidentiary hearing. Section 1172.6, subdivision (d)(3) provides: "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion."

Section 1172.6 does not require the prosecutor to reestablish the admissibility of evidence previously admitted at the petitioner's criminal trial. Indeed, the statute expressly authorizes the trial court to consider previously admitted evidence. It does not, however, authorize the trial court to rely almost entirely upon its own recollection of the evidence in determining whether the prosecutor has met his or her burden of proving, beyond a reasonable doubt, that the petitioner is guilty of murder following changes made to sections 188 and 189.[5]

Second, although the trial court's recollection of the facts may be fully consistent with the evidence adduced at trial, the limited record before us does not permit us to make that determination. Accordingly, we are unable to conclude that substantial evidence supports the trial court's ruling. (*People v. Richardson* (2022) 79 Cal.App.5th

---

[5] The prosecutor provided the trial court with reporter's transcripts from Flores-Ventura's criminal trial. However, the transcripts, which totaled 1,250 pages in length, were submitted on an unreadable disc. As a result, the trial court stated it was unable to review the transcripts. While the error here was understandable, it is nonetheless problematic.

1085, 1090, citing *People v. Clements, supra,* 75 Cal.App.5th at p. 298 [on appeal from an order denying a petition under § 1172.6, we review the trial court's factual findings for substantial evidence].)

Following remand from our Supreme Court, we notified the parties of our intention to reverse the trial court's order and remand this matter back to the lower court for issuance of an OSC, and a new evidentiary hearing. Having received no objection from the parties, we shall do so.

## DISPOSITION

The trial court's order denying Flores-Ventura's section 1170.95 petition for resentencing is reversed. The matter is remanded to the trial court to issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6.