Filed 6/16/25  P. v. Hefflin CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AARON HEFFLIN,<br><br>    Defendant and Appellant. | 2d Crim. No. B335956<br>(Super. Ct. No. NA033402)<br>(Los Angeles County) |

Aaron Hefflin appeals his resentencing following the trial court's denial of his request to dismiss his prior serious felony strike conviction pursuant to Penal Code section 1385[1] and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  We affirm.

---

[1] All further statutory references are to the Penal Code.

*Facts and Procedural Background*[2]

In 1997, appellant assaulted Gilbert Harris with a revolver outside the Long Beach Memorial Hospital. Appellant ordered Harris to "'[g]ive me your keys or your life'" and took his keys, wallet, and car. When a police officer stopped appellant in the stolen car, appellant opened the driver's door, assumed a combat stance, aimed his revolver at the officer, and fired five shots, striking the officer in the head and leg.

In 2000, a jury convicted appellant of willful, deliberate, and premeditated attempted murder of a peace officer (§§ 664/187, subd. (a), count 1) and carjacking (§ 215, subd. (a), count 2). The jury found true the special allegations that appellant personally used a firearm (§ 12022.5, subd. (a)(1), counts 1 & 2), discharged a firearm at an occupied motor vehicle (§ 12022.5, subd. (b)(1), count 1), and personally inflicted great bodily injury (§ 12022.7, subd. (a), count 1).

In a bifurcated proceeding, the trial court found that appellant had suffered five prior prison terms (§ 667.5, subd. (b)) and a prior serious felony conviction under the "Three Strikes" law (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced appellant to 51 years plus life, as follows: On count 1, the trial court imposed a consecutive life term with a minimum parole eligibility of 14 years, plus 10 years for discharging a firearm at an occupied motor vehicle, three years on the great bodily injury enhancement, five years for the prior serious felony conviction, and five one-year terms for the prior prison term enhancements. On count 2, the trial court imposed the upper term of nine years, doubled the term pursuant to the Three

_____

[2] We summarize these facts from our prior opinion. (*People v. Hefflin* (Aug. 17, 2001, B140328) [nonpub. opn.] (*Hefflin*).)

2

Strikes law, and added 10 years for the personal use of a firearm enhancement.

On appeal, we modified the judgment to reflect that the 10-year firearm enhancement was imposed pursuant to section 12022.5, subdivision (a)(1) (personal firearm use) and the section 12022.5, subdivision (b)(1) (discharging a firearm at an occupied motor vehicle) enhancement was stayed. We affirmed the judgment as modified. (*Hefflin*, *supra*, B140328.)

In December 2022, the trial court reviewed the case pursuant to section 1172.75, determined that appellant might be entitled to resentencing based on the now invalid prior prison term enhancements, and appointed counsel to represent appellant. Counsel filed a Resentencing Memorandum, asking the trial court to recall appellant's sentence, eliminate the five prior prison term enhancements, conduct a full resentencing hearing, and dismiss the prior strike conviction based on appellant's rehabilitative efforts and because the conviction was "stale."

In November 2023, the trial court recalled appellant's sentence, dismissed the prior prison term enhancements, but refused to dismiss the prior strike conviction.

In its oral ruling, the trial court stated: "[T]he court has weighed and considered the *People v. Williams* [(1998) 17 Cal.4th 148 (*Williams*)] factors and [*Romero, supra,* 13 Cal.4th 497] as far as the strike conviction is concerned. The court is not going to strike the strike. ¶ The court finds that the current offense is a very serious and a violent felony. The defendant has a very lengthy rap sheet, as far as prior offenses, and although the defendant has done a bunch of stuff at state prison, there's still an issue as to whether he's outside the sentencing scheme. I feel

3

he's not outside the sentencing scheme, as of yet, so the court is going to continue to have the strike conviction."

The trial court resentenced appellant to a term of life plus 29 years, as follows: On count 1, the trial court imposed a term of life with a minimum parole eligibility of 14 years, plus four years for the personal use of a firearm enhancement, and three years for the great bodily injury enhancement.  On count 2, the trial court imposed the high term of nine years, doubled pursuant to the Three Strikes law, plus four years for the personal use of a firearm enhancement.

*Discussion*

Appellant contends the trial court abused its discretion in denying his request to dismiss the prior strike conviction because it did not "specifically" address his rehabilitative efforts.  This contention is meritless.

Pursuant to section 1385, subdivision (a), the trial court may strike a prior felony conviction "'in furtherance of justice.'" (*Williams*, *supra*, 17 Cal.4th at p. 161.)  We review the trial court's decision not to dismiss a strike conviction for abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 374, 378 (*Carmony*) [abuse of discretion exists only in "an extraordinary case"].)

In ruling on "whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law," the trial court considers "the nature and circumstances of [the defendant's] present felonies . . . ." (*Williams*, *supra*, 17 Cal.4th at p. 161.)  It also considers the defendant's "background, character, and prospects" to determine if the defendant is "outside the scheme's spirit."  (*Ibid*.)

4

We presume the trial court considered all relevant factors, even if it did not mention them all. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310 (*Myers*).)

Here, the trial court expressly stated that it had "weighed and considered" all the relevant factors and found that appellant was "not outside the [Three Strikes] sentencing scheme." Although the trial court's comments focused on the "very serious and violent" nature of appellant's current felonies, i.e., carjacking and attempted murder of a police officer, and his "lengthy" criminal history, that does not mean the trial court failed to consider other factors.

Indeed, the record reflects that the trial court was aware of and considered appellant's rehabilitative efforts. For example, counsel provided a Resentencing Memorandum and attached numerous exhibits in support of his progress. At the resentencing hearing, counsel argued that appellant had made "substantial efforts toward rehabilitation" and "ask[ed] the court to consider those" efforts. The prosecutor also acknowledged that appellant had "done some good work towards . . . rehabilitation."

On this record, appellant has not established an abuse of discretion. (See *Myers*, *supra*, 69 Cal.App.4th at p. 310; *Carmony*, *supra*, 33 Cal.4th at p. 378.)

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:

GILBERT, P. J.                    CODY, J.

5

Judith L. Meyer, Judge
Superior Court County of Los Angeles

_____

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.