Filed 7/11/25  P. v. Davison CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101433 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F00245) |
| v. | |
| VERNIS RAY DAVISON, | |
| Defendant and Appellant. | |

In 1995, a jury found defendant Vernis Ray Davison guilty of two crimes related to methamphetamine possession.  Due to his multiple prior serious felony convictions, the trial court sentenced defendant under the "Three Strikes" law to 25 years to life in prison, plus an additional one-year enhancement.  (Pen. Code,[1] §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  In 2024, the court recalled defendant's sentence under

---

[1]     Further undesignated statutory references are to the Penal Code.

1

section 1172.75. At the resentencing hearing, the court dismissed the one-year enhancement but declined to exercise its discretion to resentence defendant outside the Three Strikes law. Defendant appeals from the judgment following resentencing. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1995, the prosecution charged defendant with one count each of methamphetamine possession and methamphetamine possession for purpose of sale. The prosecution also alleged defendant had been convicted of three prior serious felonies and a fourth additional felony. The three prior serious felony convictions occurred in 1983, when defendant pled guilty to three counts of lewd and lascivious conduct with a minor. The fourth prior felony conviction occurred in 1993, when defendant pled guilty to one count of possession of amphetamines. The prosecution alleged the three prior serious felony convictions brought defendant within the Three Strikes law and the fourth prior conviction qualified defendant for a one-year sentence enhancement under section 667.5, former subdivision (b). (Stats. 2018, ch. 423, § 65.)

A jury found defendant guilty of the two methamphetamine possession counts. Defendant personally waived a jury trial on the truth of the prior convictions and the trial court found them to be true. At the sentencing hearing, the court sentenced defendant to prison for 25 years to life under the Three Strikes law, with a one-year enhancement added under section 667.5, former subdivision (b). (Stats. 2018, ch. 423, § 65.)[2]

In 2024, the trial court recalled defendant's sentence under section 1172.75, which entitled him to a resentencing hearing for the dismissal of the one-year enhancement. At the hearing, defendant also requested the court dismiss at least two of his prior serious

_____

[2]    Defendant was sentenced to prison for 25 years to life on the first count of methamphetamine possession for purpose of sale. The same sentence was imposed then stayed under section 654 for the second count of methamphetamine possession.

2

felony convictions. Defendant claimed he had been found guilty of "basically just drug possession" for which he was serving "essentially a life sentence" and argued he fell "outside the spirit of the [Three Strikes] law." In support, defendant maintained he had made significant steps toward rehabilitation while incarcerated. Among other accomplishments, defendant earned his high school diploma and completed substance abuse treatment.

The prosecution agreed defendant was entitled to have the one-year enhancement dismissed, but argued "no further relief should be granted." The prosecution pointed to the seriousness of defendant's 1983 felony convictions and defendant's 2019 comment where he referred to his minor victim as " 'attractive.' " It also highlighted defendant's "continued bad conduct while incarcerated."

The trial court acknowledged defendant's efforts towards rehabilitation, but also defendant's struggle to maintain good behavior in prison. The court determined defendant was still a threat to the public based on his prior serious felony convictions and disposition while incarcerated, and found him still within the spirit of the Three Strikes law. The court dismissed the one-year enhancement pursuant to section 1172.75 but declined to exercise its discretion to dismiss the prior serious felony convictions, resentencing defendant to 25 years to life in prison.

Defendant appeals.

DISCUSSION

Defendant argues the trial court abused its discretion by choosing not to dismiss at least two of the prior serious felony convictions, which would allow him to avoid a mandatory life sentence. We disagree.

The Three Strikes law provides a sentencing scheme designed to lengthen prison sentences for defendants who have previously committed multiple serious or violent felonies. (§§ 667, subds. (b)-(i), 1170.12.) Under the scheme, "a defendant [with] two or

more prior serious or violent felony convictions . . . that have been pled and proved" may be sentenced to 25 years to life in prison.  (§ 667, subd. (e)(2)(A)(ii).)

A trial court may dismiss a prior conviction under the Three Strikes law when the defendant falls "outside the scheme's spirit, in whole or in part." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  A court's discretion to dismiss a defendant's prior felony convictions for sentencing is " 'broad, [but] by no means absolute. . . .  [I]t is limited by the amorphous concept which requires that the dismissal be "in furtherance of justice." ' " (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 530; see § 1385, subd. (a).)  Here, the " 'furtherance of justice' " is confined by the Three Strikes law's "interstices, informed by generally applicable sentencing principles relating to matters such as the defendant's background, character, and prospects." (*Williams*, at p. 160.)  Accordingly, extraordinary circumstances must be present before "a career criminal can be deemed to fall outside the spirit of the . . . scheme within which he [or she] squarely falls." (*People v. Strong* (2001) 87 Cal.App.4th 328, 338.)

When a trial court declines to exercise its discretion to dismiss a prior conviction, its decision is reviewed under the deferential abuse of discretion standard.  (*People v. Carmony* (2004) 33 Cal.4th 367, 371.)  The reviewing court will find an abuse of discretion if the trial court's judgment is "so irrational or arbitrary that no reasonable person could agree with it," or if the court makes a judgment without full awareness of its discretionary power.  (*Id*. at pp. 377-378.)

The parties do not dispute the trial court considered defendant's "background, character, and prospects" before deciding not to dismiss the prior felony convictions. (*People v. Williams*, *supra*, 17 Cal.4th at p. 160.)  Given defendant's multiple rule violations while incarcerated and the 2019 statement he made about finding his minor victim attractive, a court could reasonably have found defendant within the spirit of the Three Strikes law.  Furthermore, a court could reasonably have found defendant's rehabilitation efforts were not so "extraordinary" as to put him outside the spirit of the

4

Three Strikes law. (*People v. Strong*, *supra*, 87 Cal.App.4th at p. 338.) Therefore, we conclude the trial court did not abuse its discretion.

Defendant contends the trial court failed to "*fully consider* the mitigating factors in his case." To the extent defendant argues the court was unaware of its discretion while resentencing, the court's statements on the record contradict that contention. The court orally addressed its power to dismiss the prior felony convictions. Furthermore, defendant fails to identify any evidence indicating the court did not "fully consider" any factor. (Italics omitted.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) Thus, we conclude defendant's argument lacks merit.

Defendant also claims the remoteness of his prior convictions " 'weigh[] greatly in favor' " of their dismissal under section 1385, subdivision (c)(2)(H). As defendant acknowledges, this section does not govern sentencing under the Three Strikes law. Section 1385, subdivision (c) provides that when a court considers dismissing a *sentence enhancement*, it must afford "great weight" to a list of enumerated mitigating circumstances, including if the prior offenses occurred more than five years ago. Subdivision (c) applies only to enhancements. (*People v. Burke* (2023) 89 Cal.App.5th 237, 243.) "It is. . . well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme." (*Ibid*.) Consequently, defendant's claim under section 1385, subdivision (c) is inapplicable to his case.

5

DISPOSITION

The judgment is affirmed.

/s/\
ROBIE, Acting P. J.

We concur:

/s/\
BOULWARE EURIE, J.

/s/\
WISEMAN, J.[*]

---

[*]     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6