Filed 11/25/24  P. v. Pardue CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098985 |
| v. | (Super. Ct. No. 08F01893) |
| SHONN LYNN PARDUE, | |
| Defendant and Appellant. | |

A jury convicted defendant Shonn Lynn Pardue of assault with a firearm, kidnapping, making criminal threats, attempted criminal threats, and unlawful possession of ammunition.  It found true allegations that defendant used a firearm and inflicted great bodily injury.  The trial court found that defendant had two prior serious felony convictions and sentenced him to a determinate term of 11 years four months and an indeterminate term of 175 years to life in prison.  In 2014, this court remanded for resentencing but otherwise affirmed the judgment.  (*People v. Pardue* (Apr. 21, 2014, C064864) [nonpub. opn.] (*Pardue*).)  The trial court resentenced defendant to a determinate term of 24 years four months and an indeterminate term of 150 years to life.

1

In 2020, the Department of Corrections and Rehabilitation (CDCR) notified the trial court of a potential error in defendant's sentence regarding one of the firearm enhancements. The trial court resentenced defendant to a determinate term of 30 years and it reduced the indeterminate term to 125 years to life. Although defendant had asked the trial court to dismiss the firearm enhancements in the interests of justice, the trial court did not do so.

Defendant appeals from the most recent resentencing, arguing the trial court erred in declining to dismiss the firearm enhancements. Because defendant has not established error or an abuse of discretion, we will affirm the judgment.

BACKGROUND

Not all of the details of defendant's underlying crimes are relevant to the contention in this appeal. It is sufficient to explain that defendant had a daughter with D.G., and when his relationship with D.G. ended in early 2008, he moved out of the home but became upset when he thought D.G. had a new boyfriend. Among other things, defendant held a gun to people, threatened to kill them, took his young daughter and others to another location, ransacked a bedroom, hit the suspected boyfriend with a gun, and later shot him in the leg. (*Pardue, supra*, C064864.)

A jury convicted defendant of two counts of assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] three counts of kidnapping (§ 207, subd. (a)), three counts of making criminal threats (§ 422), two counts of attempted criminal threats (§§ 664/422), and one count of unlawful possession of ammunition (§ 12316, subd. (b)(1)). The jury found true allegations that defendant used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury (§ 12022.7, subd. (a)). In addition, the trial court found that defendant had two prior serious felony convictions. (§§ 667, subds. (b)-(i) & 1170.12.)

---

[1] Undesignated statutory references are to the Penal Code.

It sentenced defendant to a determinate term of 11 years four months and an indeterminate term of 175 years to life in prison.

Defendant appealed, and in 2014 this court remanded for resentencing but otherwise affirmed the judgment. (*Pardue, supra*, C064864.) The trial court resentenced defendant to a determinate term of 24 years four months and an indeterminate term of 150 years to life in prison.

In 2020, CDCR informed the trial court of a potential sentencing error, explaining that the trial court had not imposed a full term on a firearm enhancement attached to an indeterminate term on count 10. The trial court requested briefing from the parties.

Defendant argued he was entitled to a full resentencing and the beneficial changes in the law. He asked the trial court to strike the firearm enhancements in the interests of justice under section 12022.5, subdivision (c).

The People acknowledged the presence of a mitigating circumstance enumerated in section 1385, subdivision (c)(2)(B) -- that multiple enhancements had been alleged in a single case -- but argued dismissal of the firearm enhancements was not in the interests of justice and would endanger public safety given defendant's violent conduct.

The trial court reviewed the CDCR letter, the probation report, the verdict forms, and the parties' briefs. The probation report found no circumstances in mitigation under California Rules of Court, rule 4.423. It found five circumstances in aggravation: (1) the manner in which the crimes were carried out indicated planning; (2) defendant's prior convictions as an adult and sustained petitions in juvenile delinquency proceedings were numerous and of increasing seriousness; (3) defendant had served a prior prison term; (4) defendant was on informal probation when the crimes were committed; and (5) defendant's prior performance on probation and parole had been unsatisfactory.

The trial court resentenced defendant by imposing a determinate term of 30 years in prison and reducing the indeterminate term to 125 years to life. Among other things, it reduced the sentence on the count 11 possession of ammunition conviction from an

3

indeterminate term to a determinate term of four years. But it did not dismiss the firearm enhancements.

DISCUSSION

Defendant contends the trial court erred in failing to dismiss the firearm enhancements. Citing section 1385, subdivision (c)(2)(B),[2] he argues the presence of an enumerated mitigating circumstance -- the fact that multiple enhancements were alleged in a single case -- created a presumption favoring dismissal of the firearm enhancements that could only be overcome by a finding that dismissal would endanger public safety.

However, in *People v. Walker* (2024) 16 Cal.5th 1024, 1034 (*Walker*), the California Supreme Court recently rejected such an interpretation of section 1385. The Supreme Court held that "the plain language of section 1385, subdivision (c)(2) does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety." (*Walker,* at p. 1033.) Notwithstanding the presence of a mitigating circumstance, a trial court has discretion to decide whether to dismiss an enhancement in the interests of justice under section 1385, subdivision (c)(2). (*Walker,* at p. 1036.)

In any event, defendant argues the trial court erred or abused its discretion because striking the enhancements would not endanger public safety given his lengthy sentence, and the record suggests the trial court did not afford great weight to the mitigating circumstance.

We review a trial court's decision not to dismiss an enhancement for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) Defendant bears the

---

[2] The People argue defendant forfeited his contention because he never specifically referenced section 1385 in the trial court. But defendant asked the trial court to exercise its discretion under section 12022.5, subdivision (c), which references section 1385, and the People responded by discussing section 1385, among other things. We decline to find forfeiture. (*People v. Scott* (1978) 21 Cal.3d 284, 290.)

4

burden of clearly showing that the trial court's decision was irrational or arbitrary. (*Id.* at pp. 376-377.)  In the absence of evidence in the record to the contrary, we presume the trial court was aware of, and followed, the law.  (*People v. Thomas* (2011) 52 Cal.4th 336, 361.)  "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

The trial court was not required to find that dismissal of the enhancements endangered public safety.  (*Walker, supra*, 16 Cal.5th at p. 1036.)  It retained discretion to determine whether countervailing factors -- other than public safety -- " 'nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Ibid.,* quoting *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098 (*Ortiz*).)

The relevant amendments to section 1385 had been in effect for more than a year at the time of defendant's resentencing hearing.  (Stats. 2021, ch. 721, § 1.)  The trial court considered the following:  defendant's request to dismiss the firearms enhancements, the aggravating and mitigating circumstances, the People's discussion of section 1385, and defendant's background and criminal history.  On this record, we presume the trial court afforded great weight to the mitigating circumstance, but declined to dismiss the firearm enhancements because countervailing factors neutralized the great weight of the mitigating circumstance, such that dismissal was not in the interests of justice. (*Walker, supra*, 16 Cal.5th at pp. 1036, citing *Ortiz, supra*, 87 Cal.App.5th at p. 1098.)  Because the trial court does not appear to have reached the question of whether the striking of the enhancements would endanger public safety, and *Walker* has clarified that such a finding is not required in a case where the trial court otherwise properly determines the interests of justice are not served by dismissal of the enhancement, we need not consider defendant's argument regarding the need for a finding of future, as opposed to merely current, dangerousness.  (See *People v. Gonzalez* (2024)

103 Cal.App.5th 215, 230-231 [finding prejudicial error where the trial court considered only current dangerousness].)  Defendant has not established error or an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

/s/
MAURO, J.

We concur:


/s/
ROBIE, Acting P. J.


/s/
DUARTE, J.