Filed 12/18/24  P. v. Smith CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES EDWARD SMITH,<br><br>Defendant and Appellant. | F087600<br><br>(Super. Ct. No. BF136576A)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Ismah Ahmad, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Detjen, Acting P. J., Smith, J. and Meehan, J.

## INTRODUCTION

Defendant James Edward Smith appeals from a judgment entered following resentencing pursuant to Penal Code[1] section 1172.75. He contends the court prejudicially erred in declining to strike a firearm enhancement entered pursuant to section 12022.5, subdivision (a) by failing to give "great weight" to the mitigating circumstance that the resulting sentence would exceed 20 years. (§ 1385, subd. (c)(2)(C).)

We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Defendant shot and killed Daniel Jones in a confrontation over drugs. (*People v. Cook* (Nov. 24, 2015, F066847, F066872) [nonpub. opn.].)[2]

A jury convicted defendant of voluntary manslaughter (§ 192, subd. (a); count 1), conspiracy to transport or sell a narcotic controlled substance (§ 182, subd. (a)(1); count 2), being a felon in possession of a firearm (former § 12021, subd. (a)(1); count 3), and being a felon in possession of ammunition (former § 12316, subd. (b)(1); count 4). As to count 1, the jury found a firearm allegation to be true (§ 12022.5, subd. (a)). The court found defendant had a prior "strike" conviction (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), and had suffered five prior prison terms (§ 667.5, former subd. (b)). Defendant was sentenced to an aggregate prison term of 38 years 8 months: the upper term of 22 years on count 1, plus a 10-year term for the firearm allegation; a consecutive term of 2 years 8 months on count 2; and four 1-year terms for four prior prison term

---

[1] Undesignated statutory references are to the Penal Code.

[2] Although not brought in a separately filed motion (Cal. Rules of Court, rule 8.252(a)(1)), we grant the People's request for judicial notice of our opinion in defendant's direct appeal.

enhancements.[3]  Sentence on counts 3 and 4 was imposed and stayed pursuant to section 654.

At some point, the matter was calendared for resentencing pursuant to section 1172.75.[4]  Defendant filed a resentencing memorandum, in which he argued the court should impose middle term sentences on both count 1 and the associated firearm enhancement.  He argued the resulting middle term sentence of 12 years on count 1 and four years on the enhancement would comport with section 1385, subdivision (c)(2)(C), which favors dismissal of an enhancement under specified circumstances where the resulting sentence exceeds 20 years.

On February 9, 2024, the court held a resentencing hearing and dismissed all the prior prison term enhancements.  The court declined to dismiss the firearm enhancement or sentence defendant to middle term sentences, stating the following:

> "So in terms of the [section] 1385 discretion I have, I don't find that the good behavior in prison is a significant factor that would weigh in favor of a finding that the defendant has prepared himself for joining society again and being a productive member of our community and being law-abiding.  I recognize my discretion to strike the enhancement under Penal Code Section 12022.5(a), and in exercising that discretion -- and *I also recognize the changes to [section] 1385.  [Defense counsel] discusses those in terms of the length of the sentence.  However, there's case law that confirms that the Courts still have discretion to impose the sentence they believe is in the interest of justice.  Even though there's been these changes to the law, which include the 20-year suggestion that sentences should not exceed the 20 years under [section] 1385, I'm going to exercise my*

---

[3] It appears two of defendant's prior prison terms were served concurrently and thus only four prior prison term enhancements were imposed.

[4] The court's jurisdiction to resentence pursuant to section 1172.75 is triggered by certain notice procedures initiated by the Department of Corrections and Rehabilitation. (§ 1172.75, subd. (c).)  Here, it is undisputed that the Department of Corrections and Rehabilitation noticed the court regarding defendant's resentencing eligibility, and the court had jurisdiction to resentence him on that basis. (*People v. Cota* (2023) 97 Cal.App.5th 318, 332–333.)

*discretion in proposing the sentence in the interest of justice under both [section] 1385 as well as the case law.*

"With regard to the circumstances -- I am going to make the following findings with regard to circumstances. I find no circumstances in mitigation. I'll find the following circumstances in aggravation. One, the defendant's prior convictions as an adult are numerous. There was a court trial on those convictions. There's evidence to support them. And also find that the -- as Number 2, the defendant has served a prior commitment in the California Youth Authority and four prior prison terms. The Court made those findings based on the evidence presented at the court trial on the priors. Those are my findings on the circumstances.

"I'm exercising my discretion to impose the upper term. I do find the upper term is supported by the circumstances in aggravation. I'm exercising my discretion not to strike the [section] 12022.5[, subdivision ](a) enhancement. I also recognize I have discretion on that enhancement to impose three years, four years or ten years. I find the circumstances in aggravation justify imposition of the upper term of ten years on that enhancement. Again, I find that it would not be in the interest of justice to make it less. I'm striking all of the [section] 667.5[, former subdivision ](b) priors. If I haven't made that finding on the record, all the [section] 667.5[, former subdivision ](b) priors are stricken." (Italics added.)

The court resentenced defendant to an aggregate term of 34 years 8 months. Aside from the omission of the prior prison term enhancements, the sentence remained unchanged.

## DISCUSSION

### I.     Applicable Law

Resentencing pursuant to section 1172.75 entitles a defendant to the application of any "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Relevant here, since the time of defendant's initial sentencing, Senate Bill No. 81 (2021–2022 Reg. Sess.) and Assembly Bill No. 200 (2021–2022 Reg. Sess.) respectively added, and later amended, section 1385, subdivision (c), which now provides in relevant part as follows:

4.

"(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.  [¶] . . . [¶]

"(C) The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed."

Under section 1385, subdivision (c)(2), " 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement' [citation] and this 'furtherance of justice' [citation] inquiry requires a trial court's ongoing exercise of 'discretion' [citation].  Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1033.)[5]

"The phrase 'great weight' in [section 1385, subdivision (c)(2)] refers to 'the trial court's evaluation of the defendant's evidence in the first instance.' " (*Walker*, *supra*, 16 Cal.5th at p. 1034.)  The "mandate to give 'great weight' to enumerated mitigating

---

[5] At the time appellant's opening brief was filed in this case, there was a split of authority regarding the application of section 1385, subdivision (c)(2).  (Compare *People v. Walker* (2022) 86 Cal.App.5th 386, review granted Mar. 22, 2023, S278309, affirmed on other grounds by *Walker*, *supra*, 16 Cal.5th 1024 with *People v. Ortiz* (2023) 87 Cal.App.5th 1087, review granted Apr. 12, 2023, S278894, review dism. and remanded Oct. 23, 2024; *People v. Ponder* (2023) 96 Cal.App.5th 1042, review granted Jan. 10, 2024, S282925, review dism. and remanded Oct. 23, 2024.)  Thereafter, the California Supreme Court issued *Walker*, *supra*, 16 Cal.5th 1024, holding the presence of mitigating factors under section 1385, subdivision (c)(2) does not create a rebuttable presumption in favor of dismissal.  (*Walker*, *supra*, 16 Cal.5th at pp. 1032–1034.)

circumstances requires a sentencing court to 'engage[] in a holistic balancing with *special emphasis* on the enumerated mitigating factors.' " (*Ibid.*)

"[I]f the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, *supra*, 16 Cal.5th at p. 1036.)

## II.    Analysis

In his opening brief, defendant contends the court did not give "great weight" to the fact that his sentence would exceed 20 years because it characterized subdivision (c)(2)(C) of section 1385 as "merely 'suggesting' that the trial court limit sentences to 20 years."[6] He also argues the court's application of "a simple 'interest of justice' standard" was inappropriate. After the opening brief was filed, the California Supreme Court decided *Walker*, clarifying the analysis a court must undertake in evaluating mitigating circumstances under section 1385, subdivision (c)(2). In his reply brief, filed after *Walker* was decided, defendant maintains that the court treated this factor as a mere suggestion and instead should have accorded it great deference by "paus[ing] and question[ing] whether such enhancement truly serves any legitimate purpose."

---

[6] The People argue section 1385, subdivision (c)(2)(C) does not apply because defendant's sentence exceeded 20 years, even without the imposition of any sentencing enhancement, and imposition of the enhancement therefore did not "result" in a sentence exceeding 20 years. (§ 1385, subd. (c)(2)(C).) Defendant argues to the contrary. We need not reach this issue because, assuming section 1385, subdivision (c)(2)(C) applies, the record does not support defendant's contention that the court failed to give this factor the "great weight" required under the statute.

"Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.) The record supports this presumption in this case. Defendant filed written briefing arguing the trial court should impose no more than middle term sentences on the count and enhancement in order to comply with the 20-year limitation set forth in section 1385, subdivision (c)(2)(C). At the hearing, the court expressed its familiarity with "all of the changes to . . . [s]ection 1385 with regard to dismissal of enhancements, all mitigating factors justifying the striking of an enhancement." The court expressly recognized the 20-year limitation set forth in section 1385, subdivision (c)(2)(C), which it characterized as "the 20-year suggestion that sentences should not exceed the 20 years under [section] 1385." The court understood it could dismiss the firearm enhancement or impose a middle or lower term sentence, and that it ultimately was required to determine whether dismissal was in the interest of justice. The court's passing characterization of the section 1385, subdivision (c)(2)(C) factor as a "suggestion" does not convince us that the court misunderstood the scope of its sentencing discretion.

The record reflects the court considered this mitigating factor in imposing defendant's sentence, and nothing in the record suggests the court failed to give it "great weight." Instead, the record supports an inference that the court weighed this factor and concluded that dismissal of the enhancement was not in furtherance of justice. (*Walker*, *supra*, 16 Cal.5th at pp. 1034–1038.) Although the court did not specifically use the words "great weight" in describing its treatment of the mitigating factor, it was not required to do so. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary."].)

Defendant does not dispute that the court's stated reasons for declining to dismiss the enhancement were supported by "substantial, credible evidence of countervailing

7.

factors" sufficient to neutralize the great weight of the mitigating circumstance. (*Walker*, *supra*, 16 Cal.5th at p. 1036.) Accordingly, we find no abuse of discretion.

## **DISPOSITION**

The judgment is affirmed.