Filed 6/26/25  P. v. Torrence CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100611 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F02170) |
| v. | |
| NATHAN LAMONT TORRENCE, | |
| Defendant and Appellant. | |

Defendant Nathan Lamont Torrence appeals from his February 2024 resentencing for first degree robbery and false imprisonment.  He contends the trial court abused its discretion in failing to strike his prior strike conviction.  We disagree and affirm.  Statutory references are to the Penal Code.

BACKGROUND

In March 2014, defendant pled no contest to two counts of first degree robbery (§ 211) and two counts of false imprisonment (§ 236).  He admitted several firearm enhancements (§ 12022, subd. (a)(1)), a prior serious felony conviction (§ 667, subd. (a)),

1

a prior prison term (§ 667.5, subd. (b)), and a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12 ). He moved to strike his prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). The court denied defendant's *Romero* motion and sentenced him to 21 years eight months in state prison.

The Secretary of the Department of Corrections and Rehabilitation later notified the trial court that defendant was eligible for resentencing under section 1172.75. The trial court appointed counsel and set the matter for a full resentencing hearing.

Prior to the resentencing hearing, defendant again moved to strike his prior strike conviction under *Romero*. In support of his motion, defendant argued he had engaged in "significant courses of study while incarcerated." Also while incarcerated, he "worked on his sobriety" and was diagnosed with "multiple mental illness[es]" that were the "root of his issues in the justice system." Striking his prior strike conviction was, therefore, in the interest of justice.

The People, on the other hand, argued that dismissing any of the prior convictions would "endanger public safety." At 36 years old, defendant was "in his physical prime, fully capable of committing physically violent acts with force, just as he had done his whole life before getting caught for his committing offense." Defendant's history of violent crimes, "coupled with the almost unthinkable facts underlying the committing offenses," were sufficient to deny his request.

At the resentencing hearing, the People described defendant's criminal history as one that "sort of melts together." Defendant was on parole when he committed the prior strike offense, and he was on parole for his prior strike offense when he committed the current offense. Defendant's crimes were also often rooted in traumatizing other people.

After hearing from both parties, the trial court ruled on defendant's *Romero* motion: "I mean these – it was a particularly violent crime. I mean, reprehensible[] conduct; a shotgun in the mouth of a 55-year-old lady in her home, stealing items that

2

belonged to her of a personal nature. She has suffered, and I imagine continues to suffer to this day, and it is not a crime that's easily forgotten or forgivable.

"It is something that shakes one to the core and is something she and her husband are going to live with for the rest of their lives I suppose. So it's an extremely violent crime. And his prior is a serious felony. And his history prior to the robbery is such that he should not be entitled to receive . . . Romero relief."

Accordingly, the trial court struck the one-year prison prior term imposed pursuant to former section 667.5, subdivision (b) as required, but it otherwise left intact the previously imposed sentence. The court thus resentenced defendant to 20 years eight months in state prison.

DISCUSSION

Defendant contends the trial court abused its discretion by refusing to strike his prior strike offense. He argues the court failed to give sufficient weight to the remoteness of his prior strike as well as his efforts at rehabilitation. We disagree.

A trial court must decide whether to strike a prior strike by considering factors that are intrinsic to the three strikes law's sentencing scheme. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) These factors include: (1) the nature and circumstances of the current conviction; (2) the nature and circumstances of the prior strike convictions; and (3) the defendant's "background, character, and prospects." (*Ibid*.) If the defendant falls outside the spirit of the three strikes law, the court may, in furtherance of justice, treat the defendant "as though he [or she] had not previously been convicted of one or more serious and/or violent felonies." (*Ibid*.)

We review a trial court's denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) On review, the denial of a *Romero* motion is strongly presumed to be a proper exercise of discretion, and the court is presumed to have considered all relevant factors in the absence of an affirmative record to the contrary. (*Carmony,* at p. 378; *People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

3

Here, the court considered arguments from both parties and balanced the evidence of defendant's rehabilitation, defendant's criminal history, and defendant's current offense. Notably, the court considered evidence that despite the remoteness of defendant's prior strike offense, defendant was on parole from a serious felony when he committed that prior strike offense and was on parole from the prior strike offense when he committed the current offense. The trial court also considered the nature of defendant's crimes. The court found it particularly relevant that in committing the current offense, defendant terrorized a couple in their own home, calling the crime "particularly violent." In balancing these factors, the court acted within its discretion.

DISPOSITION

The judgment is affirmed.


/s/
MESIWALA, J.



We concur:


/s/
EARL, P. J.


/s/
KRAUSE, J.


4