Filed 3/17/26  P. v. Aguirre CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANGEL GARCIA AGUIRRE,<br><br>Defendant and Appellant. | 2d Crim. Nos. B344458,<br>B344480<br>(Super. Ct. Nos. 2010007713,<br>2009003793)<br>(Ventura County) |

Angel Garcia Aguirre appeals the trial court's decision declining an invitation to strike his five-year enhancement for a prior serious felony conviction.  We remand for the limited purpose of ordering a recalculation of Aguirre's actual custody credits through the date of resentencing but otherwise affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY [1]

Because Aguirre's second appeal pertains only to sentencing issues, we describe the facts of the underlying cases briefly.

*2009003793 (Robbery Case)*

In January 2009, Aguirre and his cohort approached the victim as he was arriving to open his business. They pointed a semi-automatic firearm at the victim's head and demanded money. After searching the victim, they took his car keys, wallet, credit cards, $400 in cash, jacket and back support belt the victim was wearing. They walked the victim to his car and searched for more money. Before they left, they told the victim not to follow them or they would shoot him. Law enforcement later recovered a handgun, the victim's back brace, and photographs on Aguirre's cell phone holding a firearm to another person's head. Aguirre had been watching the victim's business for a month prior to the robbery.

*2010007713 (Drug Sales Case)*

In November 2009, a confidential informant purchased an ounce of methamphetamine from Aguirre.

*Resentencing Hearing*

In a previous appeal (*People v. Aguirre* (Jan. 22, 2024, B324973, B325025) [nonpub. opn.]), we remanded to allow the trial court to consider the new provisions of Penal Code[2] section

---

[1] We grant the People's request to take judicial notice filed November 4, 2025, of the prior clerk's transcript and augmented clerk's transcript in case numbers B324973/B325025.

[2] All statutory references are to the Penal Code unless otherwise stated.

2

1172.1 and to make the required finding regarding whether he posed an unreasonable risk of danger to public safety based on the risk he will commit a "super strike." (§ 1172.6, subds. (a)(7), (b)(2).)

The resentencing hearings were held in November 2024 and January 2025. The trial court recalled Aguirre's sentence, finding he did not pose an unreasonable risk of danger to public safety. After considering Aguirre's invitation to strike his prior serious felony enhancement, the court declined to do so and reimposed the original sentence of three years midterm for robbery (§ 211), 10 years for the firearm enhancement (§ 12022.53, subd. (b)) and five years for the prior serious felony enhancement (§ 667, subd. (a)(1)) for a total aggregate term of 18 years.

## DISCUSSION

Aguirre contends the trial court abused its discretion in declining to strike his prior serious felony enhancement because it did not give his post-conviction and mitigating factors their "proper weight." We disagree.

### *Standard of Review*

A trial court's refusal to dismiss a prior serious felony enhancement is reviewed on appeal under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 373, *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298, *People v. Hodge* (2024) 107 Cal.App.5th 985.)

### *Section 1172.1*

When recalling and resentencing pursuant to section 1172.1, subdivision (a)(2), the court is required to apply the sentencing rules of the Judicial Council and consider the following post-conviction factors under section 1172.1,

3

subdivision (a)(5): "[T]he disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. The court shall consider if the defendant has experienced psychological, physical, or childhood trauma . . . at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense."

*Section 1385*

Under section 1385, subdivision (c)(1), a trial court "shall dismiss an enhancement *if it is in the furtherance of justice to do so*, except if dismissal of that enhancement is prohibited by any initiative statute." (Italics added.) Section 1385, subdivision (c)(2), provides that, in exercising its discretion under subdivision (c), "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."

The Supreme Court in *People v. Walker* (2024) 16 Cal.5th 1024, 1029, explained that section 1385, subdivision (c)(2), does not require dismissal of a sentence enhancement anytime there is a mitigating circumstance absent a court finding that dismissal would endanger public safety. "[A]bsent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns

4

significant value to the enumerated mitigating circumstances when they are present.  [Citation.]  In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1029; *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157 ["Section [1385, subdivision] (c) does not mean that, whenever a listed mitigating circumstance is present, the trial court must dismiss all enhancements unless it finds dismissal would endanger public safety"].)

*No Abuse of Discretion*

In declining Aguirre's invitation to strike the enhancement under sections 1172.1 and 1385, the trial court explained the factors it had considered: "For purposes of resentencing, the Court shall consider any post-conviction factors -- specifically, any disciplinary record and record of rehabilitation, any diminished physical condition that reduces defendant's risk of future violence, and evidence that circumstances have changed since the original sentence -- so that a continued incarceration is not in the interest of justice."

The trial court further explained it needed to "take into consideration, not just the post-conviction factors, such as the 17 certificates while in [the California Department of Corrections and Rehabilitation (CDCR)], the 37 certificates with the Federal Bureau of Prisons, the fact that [Aguirre]

5

has been in a level-one facility and has not had any significant criminal conduct while being incarcerated."

The trial court also considered Aguirre's willingness to comply with terms of parole, that he was remorseful, he availed himself of programming opportunities while incarcerated, he acknowledged wrongdoing at an early stage in the proceedings, and that he "may have experienced some psychological or childhood trauma." The court acknowledged that, "no one was hurt physically during the cases at hand. There was a small financial loss."

Finally, the trial court also acknowledged that Aguirre's prior serious felony conviction was over five years old but noted that he had several reprimands and writeups at the Ventura County jail.

After careful consideration of the mitigating factors, the trial court noted the following aggravating factors:

"Defendant was armed with a firearm during the robbery, and as such, the crime involved a threat of great bodily harm. The defendant was an active participant in the taking of the victim's property. That's demonstrated by him pointing the gun at the victim's head while the cohort actually took the items.

"The manner in which the crime was carried out shows a criminal sophistication – the fact that Mr. Aguirre was at the business; there are facts that the defendant was under the impression that on a particular day there would be a significant amount of cash the victim either had or was in the business; . . . and the fact that he monitored the business for a period of one month prior to the commission of this offense.

"Prior criminal record indicates a pattern of regular and increasingly serious conduct by the defendant. . . . [T]he

6

defendant was engaged in violent conduct that indicates a serious danger to society for the underlying matter.

"Defendant's convictions prior: Convictions as an adult or sustained petitions in [juvenile] delinquency proceedings are diverse and increasing in seriousness. . . . It shows a pattern of recidivist conduct as a robber with firearms. It seems that in each of the matters, where there was a robbery, there was also a firearm."

The trial court concluded that "the aggravating factors outweighed the mitigating factors in this particular case, such that to impose the lower term would be contrary to the interest of justice, and that is considering all the aggravating and mitigating factors both at the time of the offense and post-conviction factors."

Ultimately, the trial court reasoned that striking the enhancement would not be in the interest of justice. Aguirre's contention that the court did not give "proper weight" to his mitigating and post-conviction factors is not supported by the record. The court assessed the mitigating factors and acknowledged the weight of those factors but determined that aggravating factors were collectively more significant. In so doing, the court acted within its discretion. When a trial court declines to strike a five-year sentencing enhancement for a serious prior felony conviction, "[n]o error occurs if the trial court evaluates all relevant circumstances to ensure that punishment fits the offense and the offender." (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587.)

" '[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where

7

the trial court was not "aware of its discretion" to dismiss . . . or where the court considered impermissible factors in declining to dismiss,' or where ' "the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce[] an 'arbitrary, capricious or patently absurd' result" under the specific facts of a particular case . . . . [¶] But "[i]t is not enough to show that reasonable people might disagree about whether to strike one or more" prior conviction allegations.' [Citations]. '[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' [Citation.]" (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.)

The trial court's denial is not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) " ' " 'A merely debatable ruling cannot be deemed an abuse of discretion.' " ' " (*People v. Johnson* (2022) 12 Cal.5th 544, 605.) "Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling . . . ." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

On this record, Aguirre has failed to show that an abuse of discretion occurred. The trial court was aware of the factors it was required to consider under sections 1172.1, subdivision (b) and 1385, subdivision (c), and it gave each factor due consideration concluding it was not in the interest of justice to strike the five-year enhancement. Aguirre's prior criminal record, specifically his multiple robbery convictions, including a bank robbery that occurred after the robbery in the instant cases,

8

all while armed with a firearm, support the trial court's decision to deny striking the enhancement.

*Recalculation of Actual Custody Credits*

The trial court awarded Aguirre 185 days of "actual [custody] credit" which reflected his credits from the date of his incarceration to the date of his original sentencing hearing on July 16, 2016, and ordered the CDCR to calculate credits for the time he has been incarcerated at CDCR.

A trial court must calculate a defendant's custody credits when resentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody, whether in jail or prison, up to that time].) We thus remand for the trial court to calculate Aguirre's actual custody credits.

DISPOSITION

The matter is remanded for the trial court to recalculate Aguirre's actual custody credits as of the date of the resentencing hearing and to amend the abstract of judgment accordingly. The trial court shall forward a copy of the amended abstract to the CDCR. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.


DEROIAN, J.*

We concur:


YEGAN, J, Acting P. J.              CODY, J.

---

\* Judge of the Santa Barbara Superior Court assigned by the Chief Justice pursuant to article 6, section 6 of the California Constitution.

9

Ethel R. Hernandez, Judge

Superior Court County of Ventura

_____

Sarah Swysen Sanger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Sophia A. Lecky, Deputy Attorneys General, for Plaintiff and Respondent.